**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
Kamran B. Ahmadian (SBN 314566)
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
Email: *blukitsch@bakerlaw.com*
       *kahmadian@bakerlaw.com*

Cameron S. Friedman (SBN 336087)
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: *cfriedman@bakerlaw.com*

Attorneys for Defendant
TEA DATING ADVICE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRISELDA REYES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TEA DATING ADVICE, INC., X CORP., and 4CHAN COMMUNITY SUPPORT LLC,<br><br>Defendants. | CASE NO.: 3:25-cv-06321-WHO<br><br>**DEFENDANT TEA DATING ADVICE, INC.'S RESPONSE TO MOVANT JANE DOE'S MOTION TO CONSOLIDATE CASES AND SET BRIEFING SCHEDULE FOR FILING INTERIM LEAD COUNSEL APPLICATIONS [DKT. NO. 18]**<br><br>Judge: Hon. William H. Orrick<br>Date: September 17, 2025<br>Time: 2:00 p.m. |

Defendant Tea Dating Advice, Inc. (hereinafter "TEA") respectfully submits this response to Movant Jane Doe's Motion to Consolidate Cases and Set Briefing Schedule for Filing Interim Lead Counsel Applications ("Consolidation Motion"). Dkt. Nos. 18, 26.

## I. BACKGROUND

On July 25, 2025, TEA learned that unauthorized users gained access to certain data associated with its App (hereinafter the "data breach"). As of this filing, TEA is named as a defendant in the following twelve putative class actions originally filed in the Northern District of California (hereinafter, the "Related Cases"):

| Case Name: | Case No. | Assigned Judge: |
|---|---|---|
| 1. *Reyes v. Tea Dating Advice, Inc.* | 3:25-cv-06321-WHO | Hon. William H. Orrick |
| 2. *Doe v. Tea Dating Advice, Inc. et al* | 3:25-cv-06325-WHO | Hon. William H. Orrick |
| 3. *Doe II v. Tea Dating Advice, Inc.* | 3:25-cv-06336-WHO | Hon. William H. Orrick |
| 4. *Doe v. Tea Dating Advice, Inc.* | 3:25-cv-06363-WHO | Hon. William H. Orrick |
| 5. *Jones v. Tea Dating Advice Inc.* | 3:25-cv-06376-WHO | Hon. William H. Orrick |
| 6. *Doe v. Tea Dating Advice, Inc.* | 3:25-cv-06433-WHO | Hon. William H. Orrick |
| 7. *Brown v. Tea Dating Advice Inc.* | 3:25-cv-06445-WHO | Hon. William H. Orrick |
| 8. *Doe v. Tea Dating Advice, Inc.* | 3:25-cv-06457-WHO | Hon. William H. Orrick |
| 9. *Doe v. Tea Dating Advice, Inc.* | 3:25-cv-06559-TSH | Hon. Thomas S. Hixon |
| 10. *Tucker v. Tea Dating Advice, Inc.* | 3:25-cv-06669-VC | Hon. Vince Chhabria |
| 11. *Vargas v. Tea Dating Advice Inc.* | 3:25-cv-06691-AGT | Hon. Alex G. Tse |
| 12. *Doe v. Tea Dating Advice, Inc.* | 3:25-cv-06722-JCS | Hon. Joseph C. Spero |

Additionally, there have been at least two putative class actions filed against TEA in state court, one in California (Superior Court of San Francisco County, Case No.: CGC-25-627767) and another in Louisiana (Civil District Court for the Parish of Orleans, Case No. 25-07671). TEA anticipates that additional cases may be filed in the coming weeks as direct notice is issued pursuant to various state data breach statutes. The Related Cases remain in the early stages of litigation, and TEA has not yet filed a responsive pleading in any case.

## II. **<u>PRETRIAL CONSOLIDATION</u>**

TEA generally supports Movant's request to consolidate the Related Cases ***for pretrial purposes only*** pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. *See* Dkt No. 18-1 [Proposed Order] at 1:23-25. However, TEA expressly reserves all rights to oppose class certification on any and all available grounds. These include, without limitation, challenges to the adequacy of the proposed class representatives, the existence of conflicts between named representatives and other putative class members, the lack of predominance of common questions over individualized issues, and the unsuitability of the class mechanism for adjudicating the claims at issue. *See* Fed. R. Civ. P. 23(b)(3); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). TEA further notes that data breach cases, in particular, present substantial obstacles to class certification. *See e.g., Destefano v. Zynga, Inc.*, 2016 WL 537946, at *17 (N.D. Cal. Feb. 11, 2016) (Corley, J.) (noting data breach class actions face a "substantial" risk of "obtaining [and maintaining] class certification"); *see also Gaston v. FabFitFun, Inc.*, 2021 WL 6496734, at *3 (C.D. Cal. Dec. 9, 2021) ("Historically, data breach cases have experienced minimal success in moving for class certification."); *Hashemi v. Bosley, Inc.*, 2022 WL 2155117, at *7 (C.D. Cal. Feb. 22, 2022) (explaining that "data breach class actions are a relatively new type of litigation and that damages methodologies in data breach cases are largely untested and have yet to be presented to a jury"). Accordingly, TEA seeks to ensure that any pretrial consolidation does not prejudice its right to fully contest class certification.

Despite its express reservations to oppose class certification and/or to request a different structure and/or composition of any later trial, TEA believes that early consolidation under Rule 42(a) for pretrial purposes will serve the interests of efficiency and judicial economy, by expediting proceedings, avoiding duplicative discovery and motion practice, and avoiding the danger of inconsistent rulings. *See e.g., Quantum Corp. v. W. Digital Corp.*, 1988 WL 391517, at *3 (N.D. Cal. Dec. 20, 1988) (Aguilar, J.) (finding consolidation "only for purposes of discovery and pre-trial matters" to be in the "best interests of all parties concerned, as well as in the interests of judicial economy."); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. on behalf of Wells Fargo & Co. v. Stumpf*, 2011 WL 13269288, at *1 (N.D. Cal. Aug. 3, 2011) (Illston, J.) ("Consolidation of these

cases is in the interest of judicial economy, and will eliminate duplicative discovery and motion practice."). The efficiency benefits would certainly outweigh "any inconvenience, delay, or expense" that pretrial consolidation may cause. *See Thomas Inv. Partners, Ltd. v. United States*, 444 F. App'x 190, 193 (9th Cir. 2011) (cit. omitted).

Moreover, consistent with Rule 42(b) of the Federal Rules of Civil Procedure, the Parties and this Court retain the discretion to later seek severance of any individual case, claim, or cause of action, as appropriate. *See Koninklijke Philips N.V. v. Acer Inc.*, 2018 WL 4640378, at *3 (N.D. Cal. Sept. 24, 2018) (Gilliam, J.) ("The Court has broad authority under Rule 42(b) to separate parties, claims, and issues."). Additionally, this Court retains broad discretion to employ common case management tools to address differences among the cases at the pretrial and pre-certification stages. These tools may include the creation of separate discovery tracks, joint briefing schedules, and procedures for resolving individual issues as they arise.

For these reasons, and subject to the reservations outlined above, TEA supports Movant's Consolidation Motion and agrees that the Related Cases should be consolidated for pretrial purposes.

## III. REQUEST FOR INTERIM CLASS COUNSEL

TEA supports the early appointment of Interim Class Counsel to facilitate coordination and efficiency. As the Court can appreciate, TEA would benefit from a streamlined point of contact, rather than navigating communications with no fewer than *nine* separate Plaintiffs' counsel. However, TEA takes no position on the specific timing or selection process proposed by Movant in the Consolidation Motion.

Dated:  August 20, 2025            **BAKER & HOSTETLER LLP**

By:  */s/ Bethany G. Lukitsch*
     Bethany G. Lukitsch
     Kamran B. Ahmadian
     Cameron S. Friedman

     Attorneys for Defendant
     TEA DATING ADVICE, INC.