Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore W. Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Deborah De Villa (SBN 312564)
*ddevilla@ahdootwolfson.com*
Alyssa D. Brown (SBN 301313)
*abrown@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

*Counsel for Plaintiff and the Putative Class in Doe v. Tea Dating Advice, Inc., et al., No. 3:25-cv-06325-AGT*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| GRISELDA REYES, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>v.<br><br>TEA DATING ADVICE, INC.<br><br>                Defendant. | Case No. 3:25-cv-06321-WHO<br><br>**PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF HER MOTION TO CONSOLIDATE CASES AND SET BRIEFING SCHEDULE FOR FILING INTERIM LEAD COUNSEL APPLICATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. William H. Orrick<br><br>Date: September 17, 2025<br>Time: 2:00 p.m. |
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>v.<br><br>TEA DATING ADVICE, INC., X CORP., and 4CHAN COMMUNITY SUPPORT LLC,<br><br>                Defendants. | Case No. 3:25-cv-06325-WHO<br><br>Judge: Hon. William H. Orrick |

| | |
|---|---|
| JANE DOE II, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>TEA DATING ADVICE, INC.<br><br>　　　　　　Defendant. | Case No. 3:25-cv-06336-WHO<br><br>Judge: Hon. William H. Orrick |
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>TEA DATING ADVICE, INC.<br><br>　　　　　　Defendant. | Case No. 3:25-cv-06363-WHO<br><br>Judge: Hon. William H. Orrick |
| CELESTE JONES, on behalf of herself and all similarly situated individuals,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>TEA DATING ADVICE, INC.<br><br>　　　　　　Defendant. | Case No. 3:25-cv-06376-WHO<br><br>Judge: Hon. William H. Orrick |
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>TEA DATING ADVICE, INC.<br><br>　　　　　　Defendant. | Case No. 3:25-cv-06433-WHO<br><br>Judge: Hon. William H. Orrick |

PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF HER MOTION TO CONSOLIDATE CASES AND SET BRIEFING SCHEDULE FOR INTERIM LEAD COUNSEL APPLICATIONS

| | |
|---|---|
| JARELL BROWN, on behalf of herself and all similarly situated individuals,<br><br>            Plaintiff,<br>  v.<br><br>TEA DATING ADVICE, INC.<br><br>            Defendant. | Case No. 3:25-cv-06445-WHO<br><br>Judge: Hon. William H. Orrick |
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>  v.<br><br>TEA DATING ADVICE, INC.<br><br>            Defendant. | Case No. 3:25-cv-06457-WHO<br><br>Judge: Hon. William H. Orrick |
| KRISTI STEVENS, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>  v.<br><br>TEA DATING ADVICE, INC.<br><br>            Defendant. | Case No. 4:25-cv-06538-WHO<br><br>Judge: Hon. William H. Orrick |
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>  v.<br><br>TEA DATING ADVICE, INC.<br><br>            Defendant. | Case No. 3:25-cv-06559-WHO<br><br>Judge: Hon. William H. Orrick |

PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF HER MOTION TO CONSOLIDATE CASES AND SET BRIEFING SCHEDULE FOR INTERIM LEAD COUNSEL APPLICATIONS

## I. INTRODUCTION

Federal Rule of Civil Procedure 42 was designed for precisely this situation, where 10[1] complaints arising from the same operative facts have been filed—each sharing a common defendant, each brought on behalf of a substantially similar class—and consolidation will avoid duplicative proceedings, inconsistent rulings, and unnecessary expense. Defendant X Corp. ("X") is the only party to the related cases who opposes consolidation.[2] But X offers no credible argument against it.

Rather, X's concerns are, in essence, irrelevant severance arguments: whether it should be involved in this litigation at all. X argues that consolidation would "come[] at the expense of dragging X Corp into an action in which they do not have any interest"—i.e., a case against Tea Dating Advice, Inc. ("Tea"). ECF No. 28 at 7 (quoting *Plan Adm'r of the Chevron Corp. Ret. Restoration Plan v. Minvielle*, No. 20-cv-07063-TSH, 2024 WL 1974544, at *5 (N.D. Cal. May 3, 2024) (internal brackets removed). But X is not a standalone defendant in a discrete case; it is a defendant in a case also brought against Tea and another social media platform defendant.[3] Consolidation will have no bearing on whether X is involved in an action against Tea; it already is.

Indeed, each of the complaints in the related actions arises out of the same catastrophic Tea data breach. All plaintiffs assert that Tea's inadequate data security allowed sensitive personally identifiable information ("PII") to be stolen and disseminated across the internet. The uniformity in the allegations and issues concerning Tea across these actions (including the action that names X) is undeniable. The questions of whether Tea's security was deficient, what information was exposed, what damages resulted, and what remedial measures are necessary will need to be addressed in each case.

---

[1] Since the filing of Plaintiff's original motion to consolidate, the following cases have been related to this action: *Tucker v. Tea Dating Advice Inc.*, No. 3:25-cv-6669-WHO, *Vargas v. Tea Dating Advice, Inc.*, No. 3:25-cv-06691-WHO, *Doe v. Tea Dating Advice, Inc.*, No. 3:25-cv-06722-WHO. Per her motion, Plaintiff also seeks consolidation of these subsequently related actions. *See* ECF 18.

[2] Although Defendant Tea filed a response to Plaintiffs' motion for consolidation, it "believes early consolidation under Rule 42(a) for pretrial purposes will serve the interests of efficiency and judicial economy [ . . . ]" and merely reserved its right "to oppose class certification and/or to request a different structure and/or composition of any later trial." ECF 32 at p.3.

[3] *Doe v. Tea Dating Advice, Inc. et al.*, 3:25-cv-06325 ("*Doe I*").

1

PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF HER MOTION TO CONSOLIDATE CASES AND SET BRIEFING SCHEDULE FOR INTERIM LEAD COUNSEL APPLICATIONS

1    *Doe I* also alleges that X is liable for failing to mitigate the effects of the breach by complying with its terms and promises to prohibit the dissemination of PII and stolen data, harassment, and threats of violence—which occurred against breach victims on its platform. That does not render the cases unfit for consolidation. Rather, it demonstrates why consolidation is all the more necessary: to ensure consistent treatment of overlapping factual issues and to streamline class certification, discovery, and motion practice. Following consolidation there will be one consolidated case, one consolidated complaint, and one consolidated set of named plaintiffs bringing unified discovery and motion practice against Defendants.

X has not cited a single authority denying consolidation under circumstances like these, where the facts and law against the "primary" defendant are virtually identical across all cases, and one complaint simply includes an additional defendant. X seeks to use its presence in one case as a wedge to splinter litigation that otherwise belongs together. This position would force courts and parties alike to litigate the same core questions of Tea's liability in separate cases despite having one unified class, duplicating effort, increasing expense, and risking inconsistent rulings. Rule 42 does not stand for such inefficiency. The Court should grant consolidation.

## II.    ARGUMENT

### A.    Common questions of law and fact make these actions suitable for consolidation.

As set forth in Plaintiff's motion, the "district court has broad discretion under [Rule 42(a)] to consolidate cases pending in the same district." *Inv'rs Research Co. v. Dist. Court*, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting *Sw. Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 806–807 (N.D. Cal. 1989)). Notably, X has not cited a single authority where consolidation was denied under circumstances like these: where all cases share the same core facts and claims against a single defendant, and one case also includes an additional defendant.

In fact, courts regularly consolidate actions where there are common questions of law or fact, even where the parties and claims are not identical. For instance, in *Brown v. Accellion, Inc.*, No. 5:21-

CV-01155-EJD, 2022 WL 767279, at *3 (N.D. Cal. Mar. 14, 2022), the court granted consolidation in a situation very factually similar to the one at hand: a data breach wherein there were many complaints filed against one defendant, some of which also named additional defendants (the "Accellion Client Cases"). The court stated:

> The opposing plaintiffs assert that there are unique factual and legal questions raised by the Accellion Client Cases which weigh against including them in the consolidation. This argument is not persuasive however because initially, Accellion is still named in all the Accellion Client Cases. Further, the factual and legal issues as they pertain to Accellion are the same in every case.

*Id*. at *3. *See also*, *Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *5 (N.D. Cal. Nov. 28, 2001) (granting consolidation despite multiple defendants, stating "the fact that other parties are included does not preclude consolidation."). *See also Howse v. Chiquita Canyon, LLC*, 757 F. Supp. 3d 1049, 1068 (C.D. Cal. 2024) (consolidating actions with some different claims and defendants, stating "although there are distinct combinations of defendants in the various actions, all of them include at minimum Chiquita Inc. and Waste Connections as defendants."); *Holliday v. Extex*, No. CV 05-00194 SPK-LEK, 2006 WL 8436301, at *4 (D. Haw. Feb. 3, 2006), *report and recommendation adopted*, No. CV 05-00194 SPK-LEK, 2006 WL 8436307 (D. Haw. Feb. 22, 2006) (consolidating cases where legal and factual issues were common and "all of the defendant entities in the Holliday cases are named in some form as defendants in Thomas, although Thomas does involve several defendants who are not defendants in the Holliday cases.").

X's cited authority is inapplicable. In *Pac. Recovery Sols. v. Cigna Behav. Health, Inc.*, the court declined to consolidate two related actions because they "involve[d] significant differences in fact and law such that consolidation of the cases would be unduly prejudicial to plaintiff in [the initial action]." No. 5:20-cv-02251-EJD, 2021 WL 577394, at *4 (N.D. Cal. Feb. 16, 2021). The court identified five additional reasons for declining consolidation: 1) one of the actions was an individual action and the other was a class action; 2) the two actions involved entirely different insurance issues relating to insurance claims treatment; 3) the two actions involved different time frames; 4) the class

1  action involved more expansive claims than the individual action; and 5) the cases were at different
2  procedural postures. *Id*. None of these factors are present here.

3        Similarly, in *Plan Adm'r of Chevron Corp. Ret. Restoration Plan v. Minvielle*, the court
4  considered consolidating two actions relating to various retirement plans possessed by a decedent. No.
5  20-CV-07063-TSH, 2024 WL 1974544 (N.D. Cal. May 3, 2024). The court declined to consolidate,
6  because each of the cases involved entirely different benefits plans, the "[b]enefits under each plan are
7  provided and governed by written documents with their own terms," and absent the consolidation,
8  none of the parties in the second case would be directly involved in litigating the first case. *Id*. at *4,
9  *5. That is not the case here. Even if the cases are not consolidated, X will still be directly involved in
10  a litigation that also includes Tea (*Doe I*).

11        **B.**    **Consolidation would reduce the burdens and prejudices identified by X.**

12        X argues that "[w]ith consolidation, the Court would be burdened with the added task of
13  coordinating discovery related solely to X Corp. with discovery *for nine other cases* related solely to
14  Tea," and "would also have to accommodate briefing schedules on motions critical to one action that
15  have nothing to do with the *remaining nine actions*." ECF No. 28 at 5 (emphases added). This argument
16  displays a misunderstanding about how consolidation works.

17        X is already named in a litigation with Tea—*Doe I*. Denying consolidation would not remove
18  X from the litigation in which it is already named. Consolidation will merely collapse the other pending
19  litigations together so that Tea and the plaintiffs do not have to duplicate efforts and risk
20  inconsistencies. Once the cases are consolidated, there will not be "nine other cases" to coordinate
21  with: that is the entire purpose of consolidation.

22        As stated in *Howse*, *supra*, where, as here, the basic events leading to the various litigations
23  are the same, consolidation is necessary for efficiency and judicial management:

> [I]t would be highly inefficient to require the plaintiffs to separately serve interrogatories, take separate depositions of the same witnesses, etc. It would also be inefficient to require defendants to respond to discovery separately. And it would be inefficient to require the Court to manage 20 separate actions involving the same basic discovery, and to potential [sic] handle separate motion practice on the same or very similar issues.

4

PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF HER MOTION TO CONSOLIDATE CASES
AND SET BRIEFING SCHEDULE FOR INTERIM LEAD COUNSEL APPLICATIONS

1  *Howse*, 757 F. Supp. at 1068. Consolidation streamlines the discovery and pretrial motions against
2  Tea, and the appointment of lead counsel streamlines communications between the parties.
3  Consolidation does not create additional burdens for X.

4      In fact, every supposed "burden" X identifies is an argument *in favor of* consolidation. Without
5  consolidation, Tea will face duplicative discovery across multiple actions, and the Court will be forced
6  to resolve overlapping disputes repeatedly. Without consolidation, the same witnesses may be deposed
7  multiple times and identical discovery requests propounded in parallel actions. And without
8  consolidation, motions relating to Tea's liability, class certification, or damages would risk
9  inconsistent rulings affecting the same putative class. Consolidation ensures these issues are managed
10 once, efficiently, and consistently.

11     Nor will X's arguments as to questions "unique" to itself, such as those regarding its Terms of
12 Service, be affected by consolidation. Even absent consolidation, these issues will still be present in
13 *Doe I*. Likewise, because X is a party alongside Tea in *Doe I*, regardless of whether the cases are
14 consolidated, consolidation would not "expand the scope, burden, and expense of trial for X Corp."
15 (Moreover, Rule 42 allows the Court to gain efficiencies by consolidating matters for pretrial purposes,
16 and later order separate trials for any number of reasons, if it is appropriate to do so.) For the same
17 reasons, X's arguments about delay, prejudice, or confusion fall short. Even if f X seeks to file an anti-
18 SLAPP motion, stay discovery as to itself, or seek to transfer the claims against it to Texas, the claims
19 against the other defendants can and will move forward without delay—whether in *Doe I* or a
20 consolidated action; it makes no difference (except that denying consolidation would cause delay,
21 burden, and duplication). As contemplated by Rule 42(b), once a case is consolidated the court may
22 still "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-
23 party claims." If X seeks a separate trial on any issues, it may seek one at the appropriate time
24 regardless of consolidation.

25 **III.  CONCLUSION**

26     Defendant X's opposition rests on the single, flawed premise that the inclusion of X alongside
27 defendant Tea in one of the related proceedings defeats the economies of consolidation for otherwise
28 substantially identical actions. None of X's claimed burdens or inefficiencies vanish with denial. Even

5

PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF HER MOTION TO CONSOLIDATE CASES
AND SET BRIEFING SCHEDULE FOR INTERIM LEAD COUNSEL APPLICATIONS

if consolidation were denied, X would remain a co-defendant with Tea in the class action case already filed against it. While X may not agree that it belongs in this litigation, opposing consolidation is not the correct mechanism to achieve its aims.

For the foregoing reasons ad those explained in Plaintiff's opening memorandum, Plaintiff respectfully requests that the Court enter an order: (1) consolidating the Related Actions pursuant to Rule 42(a) and (2) establishing Plaintiff's proposed briefing schedule for filing applications seeking appointment of interim class counsel pursuant to Rule 23(g).[4]

Dated: August 27, 2025                          Respectfully submitted,

                                                /s/ Tina Wolfson
                                                Tina Wolfson (SBN 174806)
                                                *twolfson@ahdootwolfson.com*
                                                Theodore W. Maya (SBN 223242)
                                                *tmaya@ahdootwolfson.com*
                                                Deborah De Villa (SBN 312564)
                                                *ddevilla@ahdootwolfson.com*
                                                Alyssa D. Brown (SBN 301313)
                                                *abrown@ahdootwolfson.com*
                                                **AHDOOT & WOLFSON, PC**
                                                2600 W. Olive Avenue, Suite 500
                                                Burbank, CA 91505
                                                Telephone: (310) 474-9111
                                                Facsimile: (310) 474-8585

                                                *Counsel for Plaintiff and the Putative Class in Doe v. Tea Dating Advice, Inc., et al., No. 3:25-cv-06325-AGT (N.D. Cal.)*

---

[4] No party has opposed Plaintiff's proposed briefing schedule.

# CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, I caused the following document(s) to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

► **PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF HER MOTION TO CONSOLIDATE CASES AND SET BRIEFING SCHEDULE FOR FILING INTERIM LEAD COUNSEL APPLICATIONS**

I also certify that I caused the forgoing documents to be served on all counsel in related actions via electronic mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 27, 2025, at San Diego, California.

                                                                                  _____
                                                                                  Carlos Armijo

7

PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF HER MOTION TO CONSOLIDATE CASES AND SET BRIEFING SCHEDULE FOR INTERIM LEAD COUNSEL APPLICATIONS