Scott Edward Cole, Esq. (S.B. #160744)
Laura Van Note, Esq. (S.B. #310160)
Mark T. Freeman, Esq. (S.B. #293721)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Email: mtf@colevannote.com

M. Anderson Berry, Esq. (S.B. #262879)
Gregory Haroutunian, Esq. (S.B. #330263)
Brandon P. Jack, Esq. (S.B. #325584)
Michelle Zhu, Esq. (S.B. #347741)
**CLAYEO C. ARNOLD**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829
Email: aberry@justice4you.com
Email: gharoutunian@justice4you.com
Email: bjack@justice4you.com
Email: mzhu@justice4you.com

*Attorneys for Representative Plaintiffs and the Plaintiff Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: TEA DATING ADVICE DATA BREACH LITIGATION<br><br>This Document Relates To: All Actions | Case No. 25-cv-06321-WHO<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS GRISELDA REYES AND JANE DOE II'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, pursuant to Federal Rules of Civil Procedure Rule 23(g), Plaintiffs Griselda Reyes and Jane Doe II move this Court for an Order appointing Scott Edward Cole of Cole & Van Note ("CVN") and M. Anderson Berry of Clayeo C. Arnold, APC ("Arnold Law Firm") as Interim Co-Lead Class Counsel. In support of this request, Plaintiffs submit the following brief, the Declarations of Scott Edward Cole and M. Anderson Berry filed herewith, and all exhibits thereto.

Plaintiffs respectfully request the Court grant the Motion and order that Scott Edward Cole of CVN and M. Anderson Berry of Arnold Law Firm be appointed Interim Co-Lead Class Counsel and grant any additional relief it deems proper.

**STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3))**

Whether Scott Edward Cole of CVN and M. Anderson Berry of Arnold Law Firm should be appointed Interim Co-Lead Class Counsel.

Dated: September 16, 2025   Respectfully submitted,

**COLE & VAN NOTE**

*/s/ Scott Edward Cole*
Scott Edward Cole
Attorneys for Plaintiff Griselda Reyes

**CLAYEO C. ARNOLD APC**

*/s/ M. Anderson Berry*
M. Anderson Berry, Esq.
Attorneys for Plaintiff Jane Doe II

*Attorneys for Representative Plaintiffs and the Plaintiff Class*

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. THE COURT SHOULD APPOINT INTERIM CO-LEAD CLASS COUNSEL .............. 3

    A. The Standard for Appointing Interim Co-Lead Class Counsel Under Rule 23(g)(3) Supports Appointing Mr. Cole and Mr. Berry .......................................... 4

        *i. Mr. Cole and Mr. Berry Have Performed Substantial Work in Investigating this Action* ................................................................. 6

        *ii. Mr. Cole and Mr. Berry Have Relevant Experience and Knowledge of the Applicable Law* ....................................................................... 7

        *iii. Mr. Cole and Mr. Berry are Committed to Representing and Advancing the Interests of the Class* ....................................................... 10

    B. Proposed Interim Co-Lead Class Counsel's Responsibilities .............................. 11

III. CONCLUSION .............................................................................................................. 12

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-iii-
Motion for Appointment of Interim Co-Lead Class Counsel
Case No.: 25-cv-06321-WHO

# TABLE OF AUTHORITIES

**Cases**

*Hill v. Tribune Co.* (N.D. Ill. Oct. 13, 2005, No. 05 CV 2602) 2005 U.S.Dist. LEXIS 23931 ...... 6

*In re Dairy Farmers of Am. Cheese Antitrust Litig.* (N.D. Ill. Nov. 15, 2013, No. 09 CV 3690) 2013 U.S.Dist. LEXIS 162798 ................................................................................ 6

*In re Sandisk SSDS Litig.* (N.D.Cal. Dec. 4, 2023, No. 23-cv-04152-RFL) 2023 U.S.Dist. LEXIS 236282 ................................................................................................................. 2

*Michelle v. Arctic Zero, Inc.* (S.D.Cal. Mar. 1, 2013, No. 12cv2063-GPC(NLS)) 2013 U.S.Dist. LEXIS 30229 ......................................................................................... 4, 5, 6

*Radcliffe v. Hernandez* (9th Cir. 2016) 818 F.3d 537 ............................................................... 7

*Southeast Mo. Hosp. v. C.R. Bard, Inc.* (E.D.Mo. Nov. 21, 2007, No. 1:07cv0031 TCM) 2007 U.S.Dist. LEXIS 86392 ............................................................................................ 4, 6

*United Wis. Servs. v. Abbott Labs. (In re Terazosin Hydrochloride Antitrust Litig.)* (S.D. Fla. 2004) 220 F.R.D. 672 ............................................................................................... 7

*White v. TransUnion, LLC* (C.D.Cal. 2006) 239 F.R.D. 681 ................................................... 5

**Other Authorities**

Governance and Legitimacy in the Law of Class Actions, 1999 Sup. Ct. Rev. 337 ................... 5

Manual for Complex Litigation, Fourth, § 10.22 ...................................................................... 4

Manual for Complex Litigation, Fourth, § 10.221 .................................................................. 11

Manual for Complex Litigation, Fourth, § 21.11 ...................................................................... 5

Manual for Complex Litigation, Fourth, § 40.22 .................................................................... 11

**Rules**

FED. R. CIV. P. 23(g) .......................................................................................................... 1, 3, 6

FED. R. CIV. P. 23(g)(1) ............................................................................................... 5, 6, 7, 11

FED. R. CIV. P. 23(g)(2) ......................................................................................................... 5, 6

FED. R. CIV. P. 23(g)(3) ......................................................................................................... 4, 6

FED. R. CIV. P. 23 Advisory Committee's note to 2003 amendment ..................................... 4, 5

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

# MEMORANDUM OF LAW

Pursuant to Federal Rules of Civil Procedure Rule 23(g), Plaintiffs request the Court appoint Scott Edward Cole of Cole & Van Note ("CVN") and M. Anderson Berry of Clayeo C. Arnold, APC ("Arnold Law Firm") as Interim Co-Lead Class Counsel. This appointment supports the unified and efficient prosecution of the consolidated actions, as set forth below.

## I. INTRODUCTION

This case arises from a 2025 data hacking event of defendant Tea Dating Advice, Inc. ("Tea"). Tea hosts an application ("app") that it touts as a safe space for women to anonymously share (with other women) their private—often intimate—dating experiences with men. To join this safe space, the female users must hand over photos of themselves and other private information to Tea. Once Tea reviews the photo and verifies that the interested user is indeed female, that user may post her private dating experiences on the app. Before there recent hacking event, Tea gained immense notoriety, boasting more than 6.2 million users, even becoming the #1 application on the Apple App Store. Achieving this type of "viral" status in today's lexicon alone suggest Tea acquired massive amounts of users' information. Under its Privacy notice, Tea promised to safeguard this personal information and protect its users. Obviously, it failed to do so.

In July 2025, tens of thousands of images (including photo identification) and millions of private direct messages held by Tea become publicly available due to this hacking event (the "Data Breach"). This was no commonplace hacking event; from the metadata of the private images, the app users' locations are today being mapped and shared via social media. Thus, users that turned to Tea to ensure their safety during dating are now being plotted on a map for anyone (including those men the users were discussing on the app) to find.

This data security event has garnered international attention and poses serious, important issues in data protection, leading many of the top law firms from around the country to file claims against Tea. As of the date of this Motion, 13 class actions against Tea are pending before this Court, and others pending in other jurisdictions, already suggesting this Court should appoint

Interim Co-Lead Class Counsel so as to ensure orderly and efficient litigation of the cases.[1] **Nearly all of the firms that have filed against Tea support Mr. Cole and Mr. Berry's appointment as Interim Co-Lead Class Counsel.**[2]

Mr. Cole (who filed the first case in the nation against Tea)[3] and Mr. Berry are superbly qualified to lead and direct the course of this litigation. Each has practiced in California for decades and has appeared in Northern District courts countless times. Moreover, together they have handled hundreds of class actions, including complex and risky data breach like this one. And Mr. Cole and Mr. Berry have previously worked together as Co-Lead Class Counsel and are familiar with each of their firms' strengths and qualities, as well as the strengths of firms who support them, the talents of which they can then recruit. The firms' strong professional relationship between

---

[1] It is already clear that this case will quickly become unmanageable without a formal leadership structure. Counsel in *Jane Doe v. Tea Dating Advice, Inc.* (Case No. 3:25-cv-06325-WHO) ("Doe I"), filed a Motion to Relate Case (Doc. 4) despite CVN/Arnold Law Firm's advice that the filing was not compliant with the local rules of this Court. Doe I continued to make such filings over concerns raised by the emerging leadership. In the latest example, Doe I filed a Motion to Consolidate (Doc. 18) despite being informed—*that same day*—that Arnold Law Firm had spoken with defense counsel—*who would have stipulated to consolidation*—following the formal relation of all cases, and that consolidation was premature. Doe I filed the Motion anyway, over the objection of CVN, Arnold Law Firm and other firms who supported an <u>efficient</u> consolidation plan. Counsel for Doe I then claimed that the Motion was driven by their *client's* desire to move the case forward. While all counsel are here to zealously represent their clients, it is also true that their clients (who are not licensed attorneys) should not be directing litigation strategy. Formal leadership structure will ensure clear communication among counsel and a unified strategic vision.

[2] Specifically of the cases that have been filed to date, counsel in *Doe v. Tea Dating Advice*, No. 3:25-cv-06363; *Jones v. Tea Dating Advice,* No. 4:25-cv-06376; *Doe v. Tea Dating Advice,* No. 3:25-cv-06433; *Brown v. Tea Dating Advice,* No. 3:25-cv-06445; *Doe v. Tea Dating Advice,* No. 3:25-cv-06457; *Stevens v. Tea Dating Advice,* No. 4:25-cv-96538; *Tucker v. Tea Dating Advice*, No. 3:25-cv-06669; and *Vargas v. Tea Dating Advice*, No. 3:25-cv-06691, support Messrs. Cole and Berry for the position of Interim Co-Lead Class Counsel.

[3] This Court considers the first-to-file as an "objective tie-breaker" when the Rule 23(g)(1)(A) factors do not tilt heavily in favor of the various counsel who are vying for leadership. (*In re Sandisk SSDS Litig.* (N.D.Cal. Dec. 4, 2023, No. 23-cv-04152-RFL) 2023 U.S.Dist. LEXIS 236282, at *6 (citing *See Lowery v. Spotify USA Inc.* (C.D.Cal. May 23, 2016, No. CV-15-09929-BRO (RAOx)) 2016 U.S.Dist. LEXIS 202645, at *3, n.2).)

them, and with the multiple other firms that support their inclusive style, they will facilitate creative thinking, effective litigation strategy and the efficient prosecution of this case.

As Northern California practitioners, Mr. Cole and Mr. Berry have substantial experience[4] and knowledge of this Court's practices, local rules, judicial temperament (and that of local juries) and the expectations for lead counsel. Both have appeared many times before Senior District Judge William H. Orrick, the assigned judge in this matter. CVN also serves as a convenient base for Plaintiffs counsel, generally, as it is in Oakland, California (indeed, across the street from on of the division's courthouses).

And Mr. Cole and Mr. Berry, and their firms, have already performed substantial work on the case, including investigating the details of the hacking event and interviewing users and other witnesses, speaking to numerous press representatives to tap their knowledge, etc. They have also begun collaborating, organizing and directing the group of firms seeking to participate indirectly in this litigation. Thus far, this leadership work has included direct and open communication with the various firms about relating the cases, discussing consolidation and working with the defense firm, which Mr. Cole and Mr. Berry know well, on procedural issues. Thus, Mr. Cole and Mr. Berry are well-positioned to harness the strengths and backgrounds of the supporting firms to build a deep, experienced team of attorneys (of diverse ages, professional backgrounds, genders, etc.) who will work together—not at odds with one another—for the benefit of class members, not just individual clients.

II.   **THE COURT SHOULD APPOINT INTERIM CO-LEAD CLASS COUNSEL**

The appointment of Interim Co-Lead Class Counsel at this stage of litigation is in the best interest of the parties, the proposed Class and the Court. (*See* FED. R. CIV. P. 23(g).) Appointment provides efficiencies to the parties and the Court, avoids uncertainty and confusion as to who may speak for the proposed class, and formally empowers Plaintiffs' attorneys to make decisions on behalf of the proposed class. This is particularly important at this early stage as the parties begin

---

[4] Firm resumes are attached to the respective Declarations of Scott Edward Cole and M. Anderson Berry.

to discuss topics including an initial case management schedule, discovery and potential alternative dispute resolution. Further, additional putative class actions will likely be filed in, transferred to or removed to this District (where San Francisco based Tea is headquartered). Permitting the consolidated actions and any subsequent cases to proceed piecemeal under the leadership of different counsel is inefficient and causes uncertainty and confusion.

### A. The Standard for Appointing Interim Co-Lead Class Counsel Under Rule 23(g)(3) Supports Appointing Mr. Cole and Mr. Berry

To avoid inefficiency, duplication and possible prejudice to plaintiffs, and consistent with the interests of justice, the Manual for Complex Litigation recommends courts to "institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients." (Manual for Complex Litigation, Fourth, § 10.22.) "In some cases[,] the attorneys coordinate their activities without the court's assistance, and such effort should be encouraged." (*Id.*) Such are the circumstances here: the undersigned counsel have organized and begun coordinated prosecution of this litigation.

Plaintiffs seek appointment of Interim Co-Lead Class Counsel under Rule 23(g)(3), which permits the Court to "designate interim class counsel to act on behalf of a putative class before determining whether to certify a class action." (FED. R. CIV. P. 23(g)(3); FED. R. CIV. P. 23(g) Advisory Committee's note to 2003 amendment (The rule "authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made."); *See Michelle v. Arctic Zero, Inc.* (S.D.Cal. Mar. 1, 2013, No. 12cv2063-GPC(NLS)) 2013 U.S.Dist. LEXIS 30229, at *6; *see also Southeast Mo. Hosp. v. C.R. Brand, Inc.* (E.D. Mo. Nov. 21, 2007, No. 1:07cv0031 TCM) 2007 U.S.Dist. LEXIS 86392, at *3 (noting that "[t]he court may designate interim class counsel" and "[w]hen there is one applicant for appointment as class counsel, the court may appoint that applicant" (internal citations and quotations omitted).)

Here, designating interim class counsel before certification is prudent as the cases currently pending are overlapping and duplicative, and additional cases are likely. Courts have made this designation in exactly these type of "[i]nstances in which . . . overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is

necessary to protect the interests of class members." *Michelle*, *supra*, 2013 U.S.Dist. LEXIS 30229, at p. *6 (quoting *White v. TransUnion, LLC* (C.D.Cal. 2006) 239 F.R.D. 681, 683.) The Advisory Committee's note to the 2003 amendments to Rule 23 clarifies that designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It may also be important to make or respond to motions before certification. Settlement may be discussed before certification.

(FED. R. CIV. P. 23 Advisory Committee's note to 2003 amendment.) Appointing Interim Co-Lead Class Counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification and negotiating settlement. (*See* Manual for Complex Litigation, Fourth, § 21.11.)

Appointment is further warranted here to clarify attorneys' roles and responsibilities, formally designate the attorneys to act in the best interests of the proposed class and assure defense counsel is dealing with the correct representatives of the proposed class. (*See* Manual for Complex Litigation, Fourth, § 21.11.) Appointment also eliminates the risk that a defendant will play class counsel against one another to the detriment of the class. (*See* Governance and Legitimacy in the Law of Class Actions, 1999 Sup. Ct. Rev. 337, 388 (discussing the danger of a "race to the bottom" situation).) By appointing the proposed Interim Co-Lead Class Counsel now, this Court can forestall potential future inefficiency or leadership clashes and ensure that class members' interests are protected by capable counsel and will not be adversely impacted by other actions. Moreover, appointing clear leadership at this stage allows the various firms to focus their efforts and efficiently represent the putative class.

Rule 23(g)(2) states, "[w]hen one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)." In appointing class counsel under Rule 23(g)(1) the court must consider the following criteria: (i) counsel has performed identifying or investigating potential claims in the action; (ii) counsel's

experience with claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. (FED. R. CIV. P. 23(g)(1)(A)(i-iv).) The court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." (*Id.* at 23(g)(1)(B).)

As Rule 23(g)(3) does not address the method for appointment of interim class counsel, courts apply the Rule 23(g) factors that govern the appointment of counsel at the class certification stage. (*See Michelle*, *supra*, 2007 U.S.Dist. LEXIS 86392, at p. *6.) As one district court observed:

> In selecting interim class counsel, courts look to the standard articulated in Rule 23(g)(2), which requires appointment of counsel "best able to represent the interests of the class." Fed. R. CIV. P. 23(g)(2). This standard requires the Court to consider the factors under Rule 23(g)(1) and (4), including counsel's investigation of the potential claims, experience in relevant matters, knowledge of applicable law, resources to commit, and any other factors relevant to counsel's ability to fairly and adequately represent the interests of the class. FED. R. CIV. P. 23(g)(1)(A).

(*In re: Dairy Farmers of Am. Cheese Antitrust Litig.* (N.D. Ill. Nov. 15, 2013, No. 09 CV 3690) 2013 U.S.Dist. LEXIS 162798, at *12 ; *see also Southeast Mo. Hosp.*, *supra*, 2007 U.S.Dist. LEXIS 86392, at p. *6 (appointing interim co-lead counsel based on the factors in Rule 23(g)(1)); *Hill v. Tribune Co.* (N.D. Ill. Oct. 13, 2005, No. 1:05-cv-02602) 2005 U.S.Dist. LEXIS 23931, at *14 ("Rule 23(g) provides criteria to consider when appointing class counsel. No distinction is made regarding appointing interim counsel.").)

Here, Mr. Cole an Mr. Berry, the attorneys seeking appointment as Interim Co-Lead Class Counsel, satisfy the considerations under Rule 23(g).

                i. <u>Mr. Cole and Mr. Berry Have Performed Substantial Work in Investigating this Action</u>

The first factor to consider under Rule 23(g)(1) is the work done to date identifying and investigating potential claims. (FED. R. CIV. P. 23(g)(1)(A)(i).) Mr. Cole and Mr. Berry have already dedicated substantial resources to investigating the facts and researching the legal basis for liability. The substantial work already conducted includes investigating the details of the Data Breach and interviewing users and other witnesses, even speaking with defense counsel numerous times. Further, they are already collaborating, organizing and directing the group of firms seeking

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

to participate in this litigation. At this early stage, this leadership work has included direct and open communication with the firms about relating the cases, discussing consolidation and potentially working with defense counsel on procedural issues. Indeed, while another firm that filed a tagalong case has repeatedly filed relation motions <u>not</u> approved by Mr. Cole or Mr. Berry, repeated filings of the same flawed documents, to be frank, does not show leadership. Instead, a more measured approach, supported by counsel in all filed cases is the preferred approach.

### ii. <u>Mr. Cole and Mr. Berry Have Relevant Experience and Knowledge of the Applicable Law</u>

The second and third factors to consider under Rule 23(g)(1) are counsel's experience and knowledge. (FED. R. CIV. P. 23(g)(1)(A)(ii-iii).) Mr. Cole and Mr. Berry are extraordinarily well-qualified. They, and their respective firms, have a track record of successfully litigating and resolving consumer class actions, including data breach and other complex cases. (*See, e.g.*, *Radcliffe v. Hernandez* (9th Cir. 2016) 818 F.3d 537, 549 (affirming the district court's appointment of interim class counsel as the appointed firm's "greater experience in handling class actions and . . . its greater knowledge of the applicable law" supported a finding that the firm was "'best able' to represent the class"); *see also In re Terazosin Hydrochloride Antitrust Litig.* (S.D. Fla. 2004) 220 F.R.D. 672, 702 (stating that the "most persuasive" factors in choosing lead counsel is counsel's "experience in, and knowledge of, the applicable law in [applicable] field").)

*Scott Edward Cole, Cole & Van Note*

Mr. Cole is the founder and a shareholder of Cole & Van Note ("CVN"), a firm based in Oakland, California. As detailed in the Declaration of Scott Edward Cole, CVN is a class action centric and boutique practice devoted to prosecuting privacy, including data breaches, employment, environmental and/or consumer fraud complex cases. In its 33-year history, CVN has prosecuted hundreds of class and/or complex/representative cases, some of the more unique ones being identified in the firm's professional resume. Many of these cases involve(d) some or all of the same legal issues as are presented in the current action. In the vast <u>majority</u> of these actions, CVN has served in a management role (as court-appointed or stipulated lead, co-lead, executive or steering committee counsel or simply in the role of sole counsel). CVN rarely does

*not* take a highly active role in the management of the class action (and/or complex or mass tort) cases it litigates. The organizational skills gleaned from decades of such experiences places CVN in an unparalleled position to understand and manage the dynamics of/and complexities that will arise in the current case. And this includes recognizing and/or drawing upon the many talents of non-managing attorneys/firms to design a deep diverse team that optimizes their respective skills. CVN understands that leadership is not just about litigating well, but also harnessing the resources of talented attorneys across various firms to maximize the chances of success at trial.

While today, CVN is almost entirely devoted to prosecuting cyber-security class actions, CVN's past experiences run deep across various areas of the law—from employment wage and hour and discrimination cases, to consumer, personal injury and environmental class actions/mass tort cases—all areas it can pull from to offer unique perspectives here. It has successfully achieved class certification, settlements and judgments in diverse factual scenarios. Some better-known or "game changing" cases include *Kullar v. Foot Locker Retail, Inc.* (2008) 168 Cal.App.4th 116 (Case No. A119697) (setting the standard for settlement approval in California state courts); *Augustus (Davis) vs. ABM Security Services Inc.* (Supreme Court of California, Case No. S224853) (establishing a new Supreme Court standard for workplace rest periods; $110 million settlement); *Despres v. United Parcel Service, Inc.*, Case Nos. 3:03-CV-02987 (TEH) and 3:03-CV-02001 (TEH) (N.D.Cal.) (historic $87 million settlement in meal break-only case); *Kurihara v. Best Buy Co., Inc.* (N.D.Cal. Aug. 29, 2007) 2007 U.S.Dist. LEXIS 64224 (class certification granted and clarifying distinction between class composition and entitlement to a recovery); *Tierno v. Rite Aid Corp.* (N.D.Cal. Aug. 31, 2006) 2006 U.S.Dist. LEXIS 71794 (oft-cited ruling certifying a class of retail store managers alleging overtime misclassification; $6.9 million settlement); *Fulton v. Sports and Fitness Clubs of America, dba 24 Hour Fitness, USA, Inc.* (Super. Ct. Cal. San Diego Cnty., Case No. GIC881669, consolidated with Case No. GIC873193) (industry changing case that helped define "piece rate" standard under the law; class certification and then summary judgment granted; $19 million resolution); *In Re Westley Tire Fire Litigation* (Super. Ct. Cal. Santa Clara Cnty., Case No. CV 801282) (lead counsel in toxic 7 million tire fire that affected up to one third of the State of California); *In Re Unocal Refinery Litigation* (Super. Ct. Cal. Contra Costa

Cnty., Case No. C94-04141) (Steering Committee in massive toxic chemical release and topic of Mr. Cole's book, "Fallout"); *In Re: Apple Inc. Device Performance Litigation* (N.D.Cal., Case No. 5:18-md-02827-EJD) (Steering Committee in consumer fraud case); *In Re Tosco SFR Litigation* (Super. Ct. Cal. Contra Costa Cnty., Case No. C97-01637) (lead counsel in massive toxic airborne release over multiple towns); *Regal Medical Group, Inc., et al.* (Super. Ct. Los Angeles Cnty., Case No. 23STCV02939) ($50 million settlement). Augmenting this record, some of the more unique or difficult class certifications, settlements and judgments achieved by CVN are in the accompanying Declaration of Scott Edward Cole and his firm's resume.

*M. Anderson Berry*

Mr. Berry is the head of the Complex Litigation Department at the Clayeo C. Arnold, APC ("Arnold Law Firm"), with an extensive background in privacy and consumer/government fraud litigation, actively participating in a currently sealed False Claims Act case involving widespread cybersecurity fraud upon the United States. Before joining the Arnold Law Firm in 2017, Mr. Berry worked as an Assistant United States Attorney for the Eastern District of California. As part of the Affirmative Civil Enforcement unit, Mr. Berry handled a wide variety of complex cases, recovering millions of dollars for the United States. While working as an Assistant United States Attorney Mr. Berry worked closely with diverse Federal and State agencies including the Federal Bureau of Investigations and the California Attorney General's office. Before working for the Department of Justice, Mr. Berry practiced at one of the world's largest law firms, Jones Day, where he represented clients in international arbitration and complex commercial litigation, including defending class action allegations.

Mr. Berry has handled more than one hundred class action cases across the country involving data breaches and other privacy matters, including the following active matters where he has a leadership position: *In re Laboratory Services Cooperative Data Breach Litigation* (W.D.Wash., Case No. 2:25-cv-00685-BJR) (Plaintiffs' Steering Committee); *Swan v. North American Breaker Company, LLC* (C.D.Cal., Case No. 2:25-cv-02002-HDV-KES) (co-lead counsel); *Margul v. Evolve Bank & trust* (D.Co., Case No. 1:24-cv-03259-DDD) (co-lead counsel); *Pace v. Omni Family Health* (E.D.Cal., Case No. 1:24-cv-01277-JLT) (co-lead counsel);

*In re Avis Rent A Car System, LLC Security Incident Litigation* (D.N.J., Case No. 2:24-cv-09243-JXN) (co-lead counsel); *Kersey v. Therapeutic Health Services* (Wash. Super., King Cnty., Case No. 24-2-17679-9) (lead counsel); *Cordell v. Patelco Credit Union* (Sup. Crt. of CA, Alameda, Case No. 24CV082095) (co-lead counsel); *In re: Panera Data Security Litigation* (E.D.Mo., Case No. 4:24-cv-847-HEA) (co-lead counsel); *Holmes v. Elephant Insurance Company, et al.* (E.D.VA., Case No. 3:22-cv-00487-JAG) (Co-Lead Counsel); *Burgin et al. v. Housing Authority of the City of Los Angeles* (Super. Ct. of CA, Los Angeles, Case No. 23STCV06494) (Co-Lead Counsel); *In re: Signature Performance Data Breach Litigation* (D.Neb., Case No. 8:24-cv-00230-BBCB-MDN) (Co-Lead Counsel); *In re: Prospect Medical Holdings, Inc. Data Breach* (E.D.Pa., Case No. 2:23-cv-03216-WB) (Co-Lead Counsel); *In Re: Eureka Casino Breach Litigation* (D.Nev., Case No. 2:23-cv-00276-CDS-DJA) (Co-Lead Counsel); *In re: Sequoia Benefits and Insurance Data Breach Litigation* (N.D. Cal., Case No. 3:22-cv-08217-RFL) (Executive Comm.); *Smith v. Apria Healthcare, LLC* (S.D.Ind., Case No. 1:23-cv-01003-JPH-KMB) (Executive Comm.); *In Re: Proliance Surgeons Data Breach Litigation* (Wash Super., King, Case No. 23-2-23579-7 SEA) (Executive Comm.); *Hulse v. Acadian Ambulance Service, Inc.* (W.D.La., Case No. 6:24-cv-01011-DCJ) (Executive Comm.); *In re Lakeview Loan Servicing Data Breach Litigation* (S.D.Fla., Case No. 1:22-cv-20955-DPG) (Executive Comm.); *In re Landmark Admin LLC Data Incident Litigation* (N.D.Tx., Case No. 6:24-cv-082-H) (Executive Comm.); *Garcia v. Set Forth, Inc.* (N.D.Ill., Case No. 24-CV-11688) (Executive Comm.); *In Re Powerschool Holdings, Inc. and Powerschool Group, LLC Customer Security Breach Litigation* (S.D.Cal., Case No. 25-md-3149-BEN-MSB) (Executive Comm.).

Additional information about Mr. Berry and Arnold Law Firm can be found in the firm resume attached to Mr. Berry's declaration.

### iii. <u>Mr. Cole and Mr. Berry are Committed to Representing and Advancing the Interests of the Class</u>

The fourth factor to consider under Rule 23(g)(1) is the resources counsel will commit. (FED. R. CIV. P. 23(g)(1)(A)(vi).) Not only do Mr. Cole and Mr. Berry, and their firms, have ample resources to effectively prosecute this case, but they are committed to using these resources to do

so. CVN and Arnold Law Firm are committed to efficiently pursuing the best interests of the proposed class, and fully understand the investment of time and resources necessary for a successful resolution. CVN and Arnold Law Firm have made—and will continue to make—the required investments here.

### B. Proposed Interim Co-Lead Class Counsel's Responsibilities

Consistent with the Manual for Complex Litigation, Fourth, §§ 10.221 and 40.22, Mr. Cole and Mr. Berry will each be generally responsible for the overall conduct of the litigation on behalf of the putative class and will each have the following specific responsibilities:

1. To determine and present (in briefs, oral argument or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs and putative class members on all matters arising during pretrial proceedings;

2. To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative class members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2) and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

3. To conduct settlement negotiations on behalf of Plaintiffs and putative class members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative class members;

4. To delegate specific tasks to other counsel, in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

5. To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

6. To prepare and distribute status reports to any other law firms that might seek to represent the putative class; to maintain adequate time and disbursement records covering services as Interim Co-Lead Class Counsel;

7. To monitor the activities of any other law firms that might seek to represent putative class members to ensure that schedules are met, and unnecessary expenditures of time and funds are avoided; and

8. To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative class or authorized by further order of this Court.

## III. CONCLUSION

The appointment of Mr. Cole and Mr. Berry to serve as Interim Co-Lead Class Counsel is in the best interest of the putative class and will allow the case to proceed in an efficient and unified manner. Both practitioners have considerate background handling class actions, including hundreds of data breach class actions, and are known for their inclusive approach to team building that will recruit the diverse talents of the numerous firms here which support their application.

Plaintiffs Griselda Reyes and Jane Doe II, therefore, respectfully request the Court grant this Motion for Appointment of Interim Co-Lead Class Counsel and enter an Order appointing Scott Edward Cole of Cole & Van Note and M. Anderson Berry of Clayeo C. Arnold, APC as Interim Co-Lead Class Counsel.

Dated: September 16, 2025

Respectfully submitted,

**COLE & VAN NOTE**

*/s/ Scott Edward Cole*
Scott Edward Cole
Attorneys for Plaintiff Griselda Reyes


**CLAYEO C. ARNOLD APC**

*/s/ M. Anderson Berry*
M. Anderson Berry, Esq.
Attorneys for Plaintiff Jane Doe II

*Attorneys for Representative Plaintiffs and the Plaintiff Class*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 16, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Scott Edward Cole*
Scott Edward Cole