Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore W. Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Deborah De Villa (SBN 312564)
*ddevilla@ahdootwolfson.com*
Alyssa D. Brown (SBN 301313)
*abrown@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile:  (310) 474-8585

Melissa Clark (*pro hac vice*)
*mclark@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
521 5th Avenue, 17th Floor
New York, NY 10175
Telephone: (917) 336-0171
Facsimile:  (917) 336-0177

*Interim Lead Counsel for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TEA DATING ADVICE DATA BREACH LITIGATION<br><br>This Document Relates to:<br>Case No. 3:25-cv-06325 | Case No. 3:25-cv-06321-WHO<br><br>**PLAINTIFFS JANE DOE AND JANE DOES 2-20's ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM** |

Pursuant to Local Rule 7-11, Plaintiffs Jane Doe[1] and Jane Does 2-20 ("Plaintiffs") respectfully move this Court for an order allowing them to proceed under pseudonyms in this matter to protect their identities from public disclosure.

## INTRODUCTION

Defendant Tea Dating Advice, Inc. ("Defendant") operates a mobile application and online platform that provides women with tools (background checks, criminal record checks, and reverse image searching), real-time insights, and a community to navigate the modern dating world with confidence and control (the "Tea App").[2]  On July 25, 2025, Defendant learned that third-party criminal threat actors gained unauthorized access to its stored files ("Data Incident")[3].  In this lawsuit, Plaintiffs allege that their sensitive private information—including, but not limited to, their names, addresses, phone numbers, pictures, and copies of their driver's licenses—was stolen in the Data Incident and has been disseminated on social media.  Plaintiffs' Amended Complaint (ECF 49), alleges that on July 25, 2025, a database of Defendant's user verification data—approximately 72,000 images including government-issued IDs—was impacted by the Data Incident.

Nefarious actors have downloaded the data and proliferated it through social media and dark web channels, including through messages that intimidate, harass and threaten violence against the female victims of the Data Incident.  Indeed, once the Data Incident was discovered by 4chan users, they created automated scripts to systematically download all the exposed data.  Following the 4chan posts, the stolen data was then disseminated further on social media, including searchable databases purporting to link women's real identities to their anonymous posts.  Certain individuals with access to the Tea data also created a map, claiming to pinpoint the locations of the exposed users.  One post regarding this map states: "If you've got access to the tea app leak, here is this map, here [sic] you can

---

[1] On August 7, 2025, Plaintiff Jane Doe filed an administrative motion to proceed under pseudonym in Case No. 3:25-cv-06325. *See* ECF 17. Before Plaintiff Jane Doe's motion was ruled on, it was terminated, on September 10, 2025, when this action was consolidated.

[2] All facts are based on the allegations as set forth in Plaintiff's Amended Complaint. *See* ECF 49.

[3] This term is used interchangeably with the term Data Breach, as defined in the Amended Complaint.

see where around you some of these retarded women decided so [sic] sign up, once clicking you can use the provided hashes to search their images in the leak ;)".

Many of the posts regarding the Data Incident are also rife with more overt threats of violence and harassment. For instance, one post on X states, in part: "Some people are willing to hunt you down and unalive you for the lies that you have told with no actual proof.  They pinpointed all of your locations that should tell you how serious this is. […]."

Plaintiffs now fear that their names being associated with a public filing will further increase the risk to their safety, including subjecting them to online and in-person abuse, harassment, threats of violence, and potential physical violence.  An order allowing Plaintiffs to proceed under Jane Doe pseudonyms is warranted given the potential risks to them in proceeding publicly.  Furthermore, permitting Plaintiffs to proceed under pseudonyms will not prejudice Defendants. Plaintiffs are willing to disclose their identities to Defendant's counsel, as needed, to resolve the issues in this case.[4] Furthermore, as demonstrated by the accompanying stipulation, while Defendant disputes some of the facts and the characterizations in this Motion, Defendant does not oppose permitting Plaintiffs to proceed under pseudonyms. However, public disclosure of Plaintiffs' identities is neither necessary nor warranted and could lead to them being subjected to harassment and harm.

## ARGUMENT

### I.    PLAINTIFFS SHOULD BE PERMITTED TO PROCEED UNDER PSEUDONYM

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the name of all parties, it is well-established that federal courts have discretion to permit parties to proceed under pseudonyms "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (collecting cases).  The law is well-settled that parties to litigation may proceed using a pseudonym with leave of the court. *See*, e.g., *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 294 n.1 (2000) (noting that the district court had permitted the plaintiffs "to litigate anonymously to protect them from intimidation or harassment"). As this Court has explained, "[i]n this circuit, parties may use pseudonyms in unusual cases when nondisclosure of

---

[4] The parties are currently negotiating a Protective Order which would disclose this information.

the party's identity is necessary 'to protect a person from harassment, injury, ridicule or personal embarrassment.'" *K.H.B. ex. rel K.D.B. v. UnitedHealthcare Ins. Co.*, No. 18-cv-04175-WHA, 2018 WL 4053457, at *1 (N.D. Cal. Aug. 24, 2018) (quoting *Advanced Textile*, 214 F.3d at 1067–68); *see also Balance Studio, Inc. v. Cybernet Entm't, LLC*, 204 F. Supp. 3d 1098, 1100–01 (N.D. Cal. 2016) (observing that a party can proceed anonymously where "anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature"). Courts in the Ninth Circuit analyze a request to proceed under a pseudonym or anonymously by asking whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1-68. Consistent with *Advanced Textile* and other Ninth Circuit precedent, courts in this district regularly permit parties to proceed pseudonymously or even anonymously when sensitive issues are relevant to the litigation.[5]

Plaintiffs should be permitted to proceed under pseudonyms. As explained herein and in the Amended Complaint, Plaintiffs are victims of the Data Incident involving their sensitive personal information. Plaintiffs seek to proceed under pseudonym because they fear being targeted as a result of the Data Incident and their names being associated with a public filing.

Thus, given the risk of harm to Plaintiffs if their identities are revealed to the public, Plaintiffs should be permitted to proceed under pseudonyms because their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1-68. Publicly disclosing Plaintiffs' identities during this case could lead them to be subjected to targeted abuse. Thus, nondisclosure of Plaintiffs' identities is necessary to protect them from "'harassment, injury, ridicule or personal embarrassment.'" *K.H.B.*, 2018 WL 4053457, at *1 (quoting *Advanced Textile*, 214 F.3d at 1067–68).

Additionally, Defendants will not suffer prejudice if the Court allows Plaintiffs to proceed under a pseudonym. Once a protective order is in place, Plaintiffs are willing to disclose their identities

---

[5] *See*, e.g., *Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-cv-02589-JSC, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018); *Doe v. Penzato*, No. 10-cv-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011).

to Defense counsel who appear in this case (and this Court) and Defendants, as needed. Plaintiffs ask only to keep their identities private from the public for their safety.

## CONCLUSION

For the foregoing reasons, Plaintiffs Jane Doe and Jane Does 2-20 respectfully request that the Court grant this motion and permit them to proceed under pseudonyms.

Dated: November 19, 2025                           Respectfully submitted,

/s/ Tina Wolfson
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Deborah De Villa (SBN 312564)
ddevilla@ahdootwolfson.com
Alyssa D. Brown (SBN 301313)
abrown@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile:  (310) 474-8585

Melissa Clark (*pro hac vice*)
mclark@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
521 5th Avenue, 17th Floor
New York, NY 10175
Telephone: (917) 336-0171
Facsimile:  (917) 336-0177

*Interim Lead Counsel for Plaintiffs and the Proposed Class*