**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
Kamran B. Ahmadian (SBN 314566)
Alexis Cruz (SBN 312842)
1900 Avenue of the Stars | Suite 2700
Los Angeles, CA 90067-4508
Telephone: 310.820.8800
Facsimile: 310.820.8859
Emails:  blukitsch@bakerlaw.com
         kahmadian@bakerlaw.com
         acruz@bakerlaw.com

*Attorneys for Defendant*
TEA DATING ADVICE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: TEA DATING ADVICE DATA BREACH LITIGATION<br><br>This Document Relates to: All Actions | Case No. 3:25-cv-06321-WHO<br><br>[*Assigned to Hon. William H. Orrick*]<br><br>**DECLARATION OF BETHANY G. LUKITSCH IN SUPPORT OF DEFENDANT TEA DATING INC.'S MOTION TO DISMISS**<br><br>[*Filed Concurrently with Notice of Motion and Motion to Dismiss; Declaration of Elizabeth Baradi; and [Proposed] Order*]<br><br>**Hearing Information:**<br><br>Date:  April 1, 2026<br>Time:  2:00 p.m.<br>Dept:  8<br><br>Action Filed:  July 28, 2025 |

## DECLARATION OF BETHANY G. LUKITSCH

I, Bethany G. Lukitsch,

1.  I am an attorney licensed, authorized, and admitted to practice law before this Court and the federal and state courts of the State of California. I am a partner at the law firm of Baker & Hostetler, LLP, counsel of record for Defendant Tea Dating Advice, Inc. ("Defendant" or "Tea") in the above-captioned litigation and, in that capacity, make this declaration. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

2.  Attached hereto as **Exhibit A** is a true and correct copy of Tea's Response to Plaintiff Jane Doe's Notice of Alleged CCPA Violations dated August 29, 2025, which was served on counsel for Plaintiffs Jane Doe, *et al.* by certified mail, return receipt requested, and by e-mail.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct. Executed on January 29, 2026 in Los Angeles, California.

                                         */s/ Bethany G. Lukitsch*
                                         Bethany G. Lukitsch

# EXHIBIT A

# BakerHostetler

Baker&Hostetler LLP

1900 Avenue of the Stars
Suite 2700
Los Angeles, CA 90067-4508

T 310.820.8800
F 310.820.8859
www.bakerlaw.com

Bethany G. Lukitsch
direct dial: 310.442.8856
blukitsch@bakerlaw.com

August 29, 2025

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
AND E-MAIL**

Tina Wolfson
AHDOOT & WOLFSON, PC
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
twolfson@ahdootwolfson.com

Re:   Response to Jane Doe's Notice of Alleged CCPA Violations

Dear Tina:

As you know, Baker & Hostetler LLP represents Tea Dating Advice, Inc. ("Tea") in claims related to a data security incident. We write in response to Plaintiff Jane Doe's ("Plaintiff") letter (the "Letter") purporting to provide notice pursuant to the California Consumer Privacy Act ("CCPA"). For at least the reasons stated below, the Letter fails to provide the requisite notice and opportunity to cure. Nevertheless, Tea expressly states that it has cured any alleged CCPA violation and no further violations (to the extent any are found) shall occur.

### A. The Letter does not comply with the CCPA's pre-suit notice requirement.

The Letter is deficient because it does not identify Plaintiff or provide additional information that reasonably would allow Tea to determine whether Plaintiff's information, let alone personal information, was involved in the data incident. While Tea does not dispute Plaintiff's right to proceed under a pseudonym in public filings, she is still required to provide Tea adequate notice and opportunity to cure the alleged CCPA violation. Cal. Civ. Code § 1798.150(a)(1) only applies to consumers whose "personal information" is subject to "unauthorized access and exfiltration, theft, or disclosure" and Section 1798.150(b) is intended "to allow the defendant an opportunity to cure the defect outside of court." *Griffey v. Magellan Health Inc.*, 2022 WL 1811165, at *6 (D. Ariz. June 2, 2022) (quoting *T & M Solar & Air Conditioning,*

*Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 875 (N.D. Cal. 2015)).[1]  Plaintiff's decision not to identify herself or the personal information allegedly stolen deprives Tea of adequate notice and the ability to determine whether any of Plaintiff's personal information was involved.[2]  Having failed to provide this information, Plaintiff's demand that Tea provide "appropriate correction, repair, or other remedy" within 30 days is unreasonable and contrary to the CCPA's requirements.

Plaintiff also failed to provide Tea sufficient time before filing her lawsuit.  A private right of action under the CCPA is only available if, "***prior to*** initiating any action against a business for statutory damages on an individual or class-wide basis, a consumer ***provides a business 30 days' written notice*** . . . ." § 1798.150(b) (emphasis added).  But Plaintiff filed the case captioned *Doe v. Tea Dating Advice, Inc. et al.*, 3:25-cv-06325-WHO (N.D. Cal.) on July 28, 2025, ***before*** providing the purported notice.  Therefore, she cannot assert a claim for statutory damages under the CCPA.  *See Griffey*, 2022 WL 1811165, at *6 (dismissing plaintiff's CCPA claim with prejudice for failure to "satisfy the 30-day notice requirement," concluding plaintiff could not "supplement the time between the notice and the initiation of the lawsuit by amending his complaint.").  Plaintiff similarly cannot pursue a claim for pecuniary damages because the Letter does not contain any plausible allegation that Plaintiff suffered pecuniary damages as a result of Defendant's purported violation of the CCPA.  *See* § 1798.150(b) (consumer must sustain "actual pecuniary damages suffered as a result of the alleged violations of this title" prior to initiating an action for pecuniary damages).

### B. Tea has cured any alleged CCPA violation and no further violations shall occur.

Without waving these deficiencies or conceding that any CCPA violation occurred, Tea provides the following express written statement pursuant to Cal. Civ. Code § 1798.150(b) that any alleged violation of the CCPA has been cured and that no further violations, if any are found, shall occur.  As a preliminary matter, Tea stopped uploading images, including verification photos to the cloud storage container at issue in or around February 2024, when Tea had less than 30,000 users nationwide.  Upon learning of the data incident, Tea immediately terminated external access to the relevant infrastructure. Tea also changed internal credentials to the infrastructure, limiting access to a select few individuals. External cybersecurity consultants have validated these security measures. Tea has therefore cured the vulnerability Plaintiff claims caused the breach.  *IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION*, 2025 WL 2179475, at *26 (D. Mass. July 31, 2025) (dismissing CCPA claim because "[g]iven that implementing the patches is precisely what Plaintiffs say would have prevented the breach, the Court holds that this is sufficiently specific to constitute a statement that the violation has been cured").

---

[1] *See also In re San Francisco 49ers Data Breach Litig.*, 2024 WL 3849336, at *3 (N.D. Cal. Aug. 15, 2024) ("The CCPA requires a 30-day notice-and-cure procedure prior to initiating an action.").

[2] Plaintiff's complaint merely alleges that "[a]s a result of the Data breach, Plaintiff's PII, including her driver's license information, was exposed to unauthorized third parties." *Doe v. Tea Dating Advice, Inc. et al.*, 3:25-cv-06325-WHO (N.D. Cal.), ECF No. 1 ¶ 13.  However, this similarly does not provide the requisite notice because it does not provide any specific facts demonstrating that Plaintiff's driver's license was posted online and Tea does not know who Plaintiff is .

August 29, 2025
Page 3

    Tea has also (1) provided notice under applicable state data breach laws to all individuals whose personal information is known to be impacted at this time, (2) provided these individuals with two years of complimentary credit and identity monitoring services through CyEx, (3) coordinated with law enforcement to submit take down requests to websites that have posted images exfiltrated from Tea, (4) taken the cloud storage database where direct messages were stored offline and changed internal credentials to that database, (5) confirmed with the security researcher who claimed in news stories to have accessed direct messages that he deleted all data in his possession, and (6) requested that 404Media (the news outlet where the security researcher alleged he sent the data in his possession) confirm the deletion of any Tea data within 404Media's possession.

    If you would like to discuss our response, please feel free to contact me.

Sincerely,

Bethany G. Lukitsch