

February 5, 2026

**VIA CM/ECF**

Hon. William H. Orrick
United States District Court
Northern District of California
450 Golden Gate Ave., Ctrm 2-17th Floor
San Francisco, CA 94102

    Re:    *In re: Tea Dating Advice Data Breach Litigation*, No. 3:25-cv-06321-WHO
            Disputed Protective Order Provision

Dear Judge Orrick:

The parties write jointly to seek the Court's resolution of a disputed provision in their proposed protective order ("PO"). That provision—reflected in ¶ 8.2(i) of the attached PO—concerns the disclosure of Protected Material to mock jurors.

Plaintiffs propose that, to the extent Tea is reasonably aware that Protected Material could identify a Tea user as such, Tea should anonymize it before sharing it with mock jurors. Tea proposes that anonymization should be limited to the named Plaintiffs.

The parties have reached an agreement on all other terms of the proposed PO.

    *Plaintiffs' Position*

Plaintiffs allege that Tea promised its users anonymity and confidentiality, breached that promise by making private data—which Tea had promised to delete—publicly available, and, as a result, Plaintiffs have been physically and psychologically targeted simply for being members of Tea's app. Putative class members should not have to fear that their identities as Tea users are being disclosed to potentially dozens of additional individuals who are not legal professionals.

Tea expresses concern about its ability to determine whether a photograph depicts a Tea user. Plaintiffs' proposal only requires anonymization of known Tea users so that their status as a Plaintiff or Tea user is not revealed. If Tea does not know an individual to be a Tea user, and is not revealing the individual to be a Tea user, then the anonymization provision does not apply.

Tea disputes that photographs (one category of potentially identifying information in the PO) are identifying. Plaintiffs disagree. *See, e.g.*, 18 U.S.C. § 2725 (DPPA's definition of information that identifies a person); 45 C.F.R. § 164.514(b)(2)(i)(R) (HIPAA's requirements for de-

identification); Cal. Civ. Code § 1788.140 (c) and (v)(1) (California Consumer Privacy Act's definitions of personal information).

Tea notes that mock jurors will have to agree to be bound by the PO before viewing Protected Material. That protection is inadequate for this category of individuals, given the unknown quantity and identity of unvetted mock jurors; Plaintiffs' inability to trace disclosures of their information to mock jurors; challenges with enforcing the PO against an unknown mock juror; and because disclosure to the mock jurors themselves may cause harm.

Tea contends Plaintiffs put these images at issue by pursuing their claims. Plaintiffs allege gross violations of their privacy by Tea. The images at issue include photos Tea expressly promised to delete. The idea that Plaintiffs cannot pursue justice without allowing Tea to further violate their privacy would have a chilling effect on victims.

Tea expresses concern that the provision would prevent it from showing images of class members' driver's licenses to mock jurors. It is unclear to Plaintiffs why a driver's license would ever need to be shown to a mock juror, and, without any explanation of that need, Plaintiffs cannot agree to allow further dissemination of their private, legally protected information.

Plaintiffs have offered to confer with Defendant if the need to disclose additional Protected Material to mock jurors arises. But as it stands today, formal production has not yet begun, Plaintiffs have not yet received the photos at issue, and yet Tea is asking that Plaintiffs grant them permission to further disclose putative class members' private photos and faces, without having identified any actual or hypothetical need to do so.

### *Defendant's Position*

To the extent the parties use mock jurors in this case (a tool employed in very few matters) Tea has agreed to redact photographs and other identifying information of the named Plaintiffs. Plaintiffs' demand that Tea likewise redact photographs and identifying information for *all Tea users* goes too far and imposes an undue restriction.

As a practical matter, Tea cannot determine whether any given photograph in the Images database depicts a Tea user or was simply uploaded by one. And a photograph, standing alone, does not constitute identifying information. If Plaintiffs' proposal is ultimately adopted (it should not be), then any limitation should be confined to confirmed Tea users.

Setting that issue aside, the PO already addresses Plaintiffs' concerns. Mock jurors must read the PO and sign Exhibit A, which obligates them to keep all disclosed information confidential and acknowledge that any violation of the PO would violate a Court order and expose them to liability. The concerns Plaintiffs express about disclosure to the mock jurors are purely speculative (including the supposed challenges with enforcing the PO against mock jurors) and frankly undermine the PO and Exhibit A as a whole. We have used these same protections in cases involving highly sensitive medical and financial records, and Plaintiffs offer no explanation for why they would be insufficient here. Moreover, if this case proceeds to trial, the jurors will be

Hon. William H. Orrick  
February 5, 2026  
Page 3

shown the *actual, unredacted* images involved in the alleged breach. Tea would be severely prejudiced if it could not show those same images to a mock jury as it prepares for trial.

But for clarity, Tea is not seeking Plaintiffs' advance "permission." Instead, it is Plaintiffs who are attempting to preemptively bar Tea from showing potentially relevant evidence to potential mock jurors who will, as a condition of participation, sign Exhibit A and agree to follow the Court's PO. Plaintiffs' demand is based on unsupported speculation, not on any legitimate need for further restrictions. To the extent evidence is produced through the course of discovery that Plaintiffs believe warrants some additional protection, they can confer with Tea and/or seek further protection from the Court.

*   *   *

Thank you in advance for your attention to this matter. Please let us know if you need any further information.

Respectfully submitted,

| | |
|---|---|
| /s/ *Melissa Clark* | /s/ *Kamran B. Ahmadian* |
| Tina Wolfson | Bethany G. Lukitsch |
| Alyssa D. Brown | Kamran B. Ahmadian |
| Sarper Unal | Alexis Cruz |
| **AHDOOT & WOLFSON, PC** | **BAKER & HOSTETLER, LLP** |
| 2600 W. Olive Ave., Suite 500 | 1900 Avenue of the Stars, Suite 2700 |
| Burbank, CA 91505 | Los Angeles, CA 90067 |
| | |
| Melissa Clark (*pro hac vice*) | *Attorneys for Defendant Tea Dating Advice* |
| **AHDOOT & WOLFSON, PC** | |
| 521 5th Avenue, 17th Floor | |
| New York, NY 10175 | |
| | |
| *Interim Lead Counsel for Plaintiffs and the Proposed Class* | |

**CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION**

Pursuant to Local Civil Rule 5-1(i)(3), I attest that the consent of this document is acceptable to Kamran Ahmadian, counsel for Defendant, and that I have obtained Mr. Ahmadian's authorization to affix his electronic signature to this document.

Dated: February 5, 2026            By:     /s/ Melissa Clark

                                                                                     Melissa Clark