**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
Kamran B. Ahmadian (SBN 314566)
Alexis Cruz (SBN 312842)
1900 Avenue of the Stars | Suite 2700
Los Angeles, CA 90067-4508
Telephone:  310.820.8800
Facsimile:  310.820.8859
Emails:       blukitsch@bakerlaw.com
                   kahmadian@bakerlaw.com
                   acruz@bakerlaw.com

*Attorneys for Defendant*
TEA DATING ADVICE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TEA DATING ADVICE DATA BREACH LITIGATION | Case No. 3:25-cv-06321-WHO |
| | [*Assigned to Hon. William H. Orrick*] |
| This Document Relates to: All Actions | **DECLARATION OF KAMRAN B. AHMADIAN IN SUPPORT OF [PROPOSED] STIPULATED PROTECTIVE ORDER** |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## DECLARATION OF KAMRAN B. AHMADIAN

I, Kamran B. Ahmadian,

1.      I am an attorney licensed, authorized, and admitted to practice law before this Court and the federal and state courts of the State of California.  I am a partner at the law firm of Baker & Hostetler, LLP, counsel of record for Defendant Tea Dating Advice Inc. ("Defendant" or "Tea") in the above-captioned litigation and, in that capacity, make this declaration.  I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

2.      I submit this declaration pursuant to Paragraph 5 of this Court's Standing Order to demonstrate that good cause exists to depart from the Northern District of California's Model Order for Plaintiffs Jane Doe, *et al.* and Tea's Stipulated Protective Order.

3.      Attached hereto as **Exhibit A** is a redline version comparing the proposed Stipulated Protective Order with the Model Order.

4.      Good cause exists to depart from the Northern District of California's Model Order because additional precautions must be taken to protect the (1) Tea systems, technology, and procedures/protocols at issue in this case, and (2) identity and information of Plaintiffs, who are appearing under pseudonyms.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.  Executed on February 5, 2026 in Los Angeles, California.

By: ___*/s/ Kamran B. Ahmadian*___
       Kamran B. Ahmadian

# Exhibit A

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

8
9
10
11
12
13

| | |
|---|---|
| ~~Plaintiff,~~<br><br>~~v.~~<br><br><br>~~Defendant.~~ | ~~Case No.  C~~<br><br>~~STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS~~ |

14
15
16
17
18
19
20
21

| | |
|---|---|
| IN RE: TEA DATING ADVICE DATA BREACH LITIGATION<br><br>This Document Relates to: All Actions | Case No.: 3:25-cv-06321-WHO<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action ~~are~~is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, ~~the parties~~Plaintiffs and Defendant Tea Dating Advice, Inc. ("Tea") (collectively, the "Parties") hereby stipulate ~~to and petition the court to~~("Stipulation") to and request that the Court enter the following Stipulated Protective Order. ~~The parties~~("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The ~~parties~~Parties further acknowledge, as set forth in ~~Section 14.4,~~Paragraph 12.4 below, that this ~~Stipulated Protective~~ Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 ~~sets~~set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the ~~court~~Court to file material under seal.

**2.    GOOD CAUSE STATEMENT**

This Action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. This case also involves allegations that Plaintiffs, who are proceeding under pseudonyms, may be subject to physical or emotional harm if their identities are disclosed.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.** 2. **DEFINITIONS**

3.1    Action. This pending federal lawsuit, *In Re: Tea Dating Advice Data Breach Litigation,* Case No. 3:25-cv-06321(N.D. Cal.).

3.2    2.1    Challenging Party: a. A Party or Non-Party that challenges the designation of information or items under this Order.

3.3    2.2    "CONFIDENTIAL"  Information or Items: information. Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)., which may include:

(a)    Information that constitutes a trade secret;

(b)    Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation; and/or

(c)    Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing party (including but not limited to system and IT architecture, source code, design, structure, or other technical specifications).

(d)    Information that may reveal a trade secret or other confidential research, development, financial, data security information, network security details and diagrams.

2

United States District Court
Northern District of California

(e)     Information that contains confidential and sensitive personally identifiable information or protected health information, including the identities of Plaintiffs and putative class members.

3.4    2.3    Counsel (without ~~qualifier):~~Qualifier). Outside Counsel of Record and ~~House~~In-House Counsel (as well as their support staff).

~~2.4    [Optional: Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.]~~

3.5    2.5    Designating Party~~: a.~~ A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL~~"~~ or "HIGHLY CONFIDENTIAL~~ – ATTORNEYS' EYES ONLY" [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE"].~~"

3.6    2.6    Disclosure or Discovery Material~~: all~~. All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to, answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

3.7    2.7    Expert~~: a.~~ A person with specialized knowledge or experience in a matter pertinent to the litigation who ~~(1)~~ has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this ~~action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor~~Action.

3.8    2.8    "HIGHLY CONFIDENTIAL ~~– ATTORNEYS' EYES ONLY"~~Information ~~or Items:~~. A subset of extremely sensitive "~~Confidential Information or Items,~~"CONFIDENTIAL INFORMATION," such as corporate network security details and other security information, competitively sensitive financial information, extremely sensitive information about a Doe Plaintiff (e.g., their contact information or health information), or any other information the

3

disclosure of which to another ~~Party~~party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

~~2.9    [*Optional*: "HIGHLY CONFIDENTIAL — SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.]~~

3.9    ~~2.10~~    ~~House~~In-House Counsel~~: attorneys~~. Attorneys who are employees of a ~~party to this action. House~~Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10    ~~2.11~~    Non-Party~~: any~~. Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this ~~action~~Action.

3.11    ~~2.12~~    Outside Counsel of Record~~: attorneys~~. Attorneys who are not employees of a party to this ~~action~~Action but are retained to represent or advise a party to this ~~action~~Action and have appeared in this ~~action~~Action on behalf of that party or are affiliated and/or associated with a law firm which has appeared on behalf of that party, and their support staff.

3.12    ~~2.13~~    Party~~: any~~. Any party to this ~~action~~Action, including all of its officers, directors, employees, ~~consultants, retained experts~~Experts, and Outside Counsel of Record (and their support ~~staffs~~staff).

3.13    ~~2.14~~    Producing Party~~: a~~. A Party or Non-Party that produces Disclosure or Discovery Material in this ~~action~~Action.

3.14    ~~2.15~~    Professional Vendors~~: persons~~. Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium~~)~~, including court docket services) to a Party and their employees and ~~subcontractors~~contractors.

3.15    2.16    Protected Material: any. Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." [*Optional*: or as "HIGHLY CONFIDENTIAL – SOURCE CODE."]."

3.16    2.17    Receiving Party: a. A Party that receivesreceived Disclosure or Discovery Material from a Producing Party.

**4.    3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentationspresentation by Parties or their Counselcounsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**5.    4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the laterlatter of (1) dismissal of all claims and defenses in this actionAction, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this actionAction, including the time limits for filing any motions or applications

5

United States District Court
Northern District of California

1   for extension of time pursuant to applicable law. For a period of six (6) months after final

2   disposition of this litigation, this Court will retain jurisdiction to enforce the terms of this

3   Order.

4   **6.** ~~5.~~ **DESIGNATING PROTECTED MATERIAL**

5   ~~5.1~~     Exercise of Restraint and Care in Designating Material for Protection. Each Party

6   ~~or Non-Party~~ that designates information or items for protection under this Order must take care

7   to limit any such designation to specific material that qualifies under the appropriate standards.

8   ~~To the extent it is practical to do so, the~~The Designating Party must designate for protection only

9   those parts of material, documents, items, or oral or written communications that qualify – so

10  that other portions of the material, documents, items, or communications for which protection is

11  not warranted are not swept unjustifiably within the ambit of this Order.

12      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

13  shown to be clearly unjustified or ~~that~~ have been made for an improper purpose (e.g., to

14  unnecessarily encumber or retard the case development process or to impose unnecessary

15  expenses and burdens on other ~~parties~~Parties) expose the Designating Party to sanctions. If it

16  comes to a Designating Party's attention that information or items that it designated for

17  protection do not qualify for protection at all, or do not qualify for the level of protection

18  initially asserted, that Designating Party must promptly notify all other ~~parties~~Parties that it is

19  withdrawing the ~~mistaken~~inapplicable designation.

20      ~~5.2~~     Manner and Timing of Designations. Except as otherwise provided in this Order

21  (see, e.g., ~~second paragraph of section 5.2~~Paragraph 6.2(~~a~~b) below), or as otherwise stipulated or

22  ordered, Disclosure or Discovery

23      Material that qualifies for protection under this Order must be clearly so designated

24  before the material is disclosed or produced.

25      Designation in conformity with this Order requires:

26      (a)     ~~(a) for~~For information in documentary form (e.g., paper or electronic

27  documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that

28

United States District Court
Northern District of California

1  the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

2  ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL — SOURCE CODE"]" to

3  each page, in searchable (e.g., OCR) text, that contains protected material or to the cover page

4  of bound or grouped material. If only a portion or portions of the material on a page qualifies

5  for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

6  making appropriate markings in the margins) and must specify, for each portion, the level of

7  protection being asserted.

8          A Party or Non-Party that makes original documents or materials available for inspection need

9  not designate them for protection until after the inspecting Party has indicated which material it would

10 like copied and produced. During the inspection and before the designation, all of the material made

11 available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

12 After the inspecting Party has identified the documents it wants copied and produced, the Producing Party

13 must determine which documents, or portions thereof, qualify for protection under this Order. Then,

14 before producing the specified documents, the Producing Party must affix the appropriate legend

15 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" [*Optional:* or

16 "HIGHLY CONFIDENTIAL — SOURCE CODE]) to each page that contains Protected Material. If only a

17 portion or portions of the material on a page qualifies for protection, the Producing Party also must

18 clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

19 specify, for each portion, the level of protection being asserted.

20          (b)     (b) for For testimony given in deposition or in other pretrial or trial

21 proceedings, that the Designating Party identify on the record, before the close of the

22 deposition, hearing, or other proceeding, or within 30 days of receipt of the deposition

23 transcript from the court reporter ("30-day period") all protected testimony and specify the level

24 of protection being asserted. When it is impractical to identify separately each portion of testimony that

25 is entitled to protection and it appears that substantial portions of the testimony may qualify for

26 protection, the Designating Party may invoke on the record (before the deposition, hearing, or other

27 proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony

28

1  ~~as to which protection is sought and to specify the level of protection being asserted. Only those~~

2  ~~portions of the testimony that are appropriately designated for protection within the 21 days shall be~~

3  ~~covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may~~

4  ~~specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire~~

5  ~~transcript shall be treated~~, Disclosure or Discovery Material. The entire deposition transcript will

6  be considered by the Parties as "CONFIDENTIAL" during the 30-day period. After the 30-day

7  period, if no Party has designated some or all of that deposition transcript as

8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ~~— ATTORNEYS' EYES ONLY."~~" under

9  this Protective Order, the entire deposition, or those portions of the deposition not designated

10 as confidential, will no longer be considered confidential.

11 ~~Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other~~

12 ~~proceeding to include Protected Material so that the other parties can ensure that only authorized~~

13 ~~individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present~~

14 ~~at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its~~

15 ~~designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."~~

16 ~~Transcripts containing Protected Material shall have an obvious legend on the title page that the~~

17 ~~transcript contains Protected Material, and the title page shall be followed by a list of all pages (including~~

18 ~~line numbers as appropriate) that have been designated as Protected Material and the level of protection~~

19 ~~being asserted by the Designating Party. The Designating Party shall inform the court reporter of these~~

20 ~~requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall~~

21 ~~be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL — ATTORNEYS'~~

22 ~~EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript~~

23 ~~shall be treated only as actually designated.~~

24 (c) ~~(c) for~~For information produced in some form other than documentary

25 and for any other tangible items, that the Producing Party affix in a prominent place on the

26 exterior of the container or containers in which the information or item is stored the legend

27 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ~~— ATTORNEYS' EYES ONLY~~" [*Optional*:

28

8

United States District Court
Northern District of California

or "HIGHLY CONFIDENTIAL — SOURCE CODE"]~." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted. For any information transmitted by electronic means, the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall appear on the subject of the electronic mail, or on the title of the digital document or documents or other media through which they are conveyed.

6.1    5.3    Inadvertent Failures to Designate. If timely corrected, anAn inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assureensure that the material is treated in accordance with the provisions of this Order. Designation by either party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.

**7.    6.CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1    6.1    Timing of Challenges. Any Party or Non Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. that is consistent with the Court's Scheduling Order.

7.2    6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of

1   ~~communication are not sufficient) within 14 days of the date of service of notice. In conferring, the~~

2   ~~Challenging Party must explain the basis for its belief that the confidentiality designation was not~~

3   ~~proper and must give the Designating Party an opportunity to review the designated material, to~~

4   ~~reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the~~

5   ~~chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if~~

6   ~~it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling~~

7   ~~to participate in the meet and confer process in a timely manner.~~ under Civil Local Rule 37-1, *et seq.*

8   6.3   ~~Judicial Intervention. If the Parties cannot resolve a challenge without court intervention,~~

9   ~~the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and~~

10  ~~in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge~~

11  ~~or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,~~

12  ~~whichever is earlier.¹ Each such motion must be accompanied by a competent declaration affirming that~~

13  ~~the movant has complied with the meet and confer requirements imposed in the preceding paragraph.~~

14  ~~Failure by the Designating Party to make such a motion including the required declaration within 21 days~~

15  ~~(or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged~~

16  ~~designation. In addition, the Challenging Party may file a motion challenging a confidentiality~~

17  ~~designation at any time if there is good cause for doing so, including a challenge to the designation of a~~

18  ~~deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be~~

19  ~~accompanied by a competent declaration affirming that the movant has complied with the meet and confer~~

20  ~~requirements imposed by the preceding paragraph.~~

21  7.3   ~~The burden of~~ Judicial Intervention. If the Meet and Confer does not resolve the

22  Parties' dispute as to the at-issue designations, the challenge may be submitted to the Court

23  pursuant to the procedures described in Civil Local Rule 7 (and in compliance with Civil Local

24  Rule 79-5, if applicable). The burden of proving the confidentiality of designated ~~persuasion in~~

25  ~~any such challenge proceeding shall be on the Designating Party. Frivolous challenges,~~ and

26

27  ~~¹ Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the~~
    ~~burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the~~

28  ~~process. The burden of persuasion would remain on the Designating Party.~~

10

those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on ~~the~~ other ~~parties~~Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has expressly waived the confidentiality designation ~~by failing to file a motion to retain confidentiality as described above, all parties~~or until the court has ruled on the disputed at-issue designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the ~~court~~Court rules on the challenge.

**8.    ~~7.~~ ACCESS TO AND USE OF PROTECTED MATERIAL**

~~7.1~~    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of ~~section 15~~Paragraph 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[2] that ensures that access is limited to the persons authorized under this Order.

8.1    ~~7.2~~    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the ~~court~~Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following individuals under the following conditions:

(a)    ~~(a)    the~~The Receiving Party's Outside Counsel of Record in this ~~action~~Action, as well ~~as~~the employees and Experts and Professional Vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of this litigation and ~~who~~/or responding to Plaintiffs' data subject requests under various state

---

[2] ~~It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.~~

1  privacy laws, including but not limited to the California Consumer Privacy Act, provided any

2  external Experts and Professional Vendors agree to abide by the terms of this Order and any

3  Experts have signed the "Acknowledgment and Agreement to Be Bound" ~~that is~~ attached

4  hereto as **Exhibit A**;

5  ~~(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to~~

6  ~~whom disclosure is reasonably necessary for this~~ litigation and who have signed the "Acknowledgment

7  and Agreement to Be Bound" (Exhibit A);

8  (b)    The Parties and the directors, officers, and employees (including

9  In-House Counsel) who are assisting with or making decisions concerning this Action, only to

10  the extent it is reasonably necessary to disclose the information for purposes of this litigation

11  and/or responding to Plaintiffs' data subject requests under various state privacy laws,

12  including but not limited to the California Consumer Privacy Act, provided they agree to abide

13  by the terms of this Order and have signed the "Acknowledgment and Agreement to Be

14  Bound" attached hereto as **Exhibit A**;

15  (c)    Contractors and advisors of Tea (i) who have or had responsibilities

16  relevant to this litigation and to whom disclosure is reasonably necessary for this litigation or

17  (ii) to whom disclosure is reasonably necessary for responding to Plaintiffs' data subject

18  requests under various state privacy laws, provided that any such contractors or advisors

19  (whether in category (i) or (ii) of this paragraph) agree to abide by the terms of this Order and

20  have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit**

21  **A**;

22  (d)    Experts (as defined in this Order) of the Producing Party may be shown

23  or examined on any information, document, or thing designated "CONFIDENTIAL" by the

24  Producing Party;

25  (e)    ~~(c)~~ Experts ~~(as defined in this Order)~~ of the Receiving Party to whom

26  disclosure is reasonably necessary for this litigation and who have signed the

27  "Acknowledgment and Agreement to Be Bound" (attached hereto as **Exhibit A**);

12

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO.: 3:25-CV-06321-WHO

1    (f)    ~~(d) the court~~The Court and its personnel;

2    (g)    Court reporters and their staff and Professional Vendors;

3    (h)    ~~(e) court reporters and their staff, professional~~Professional jury or trial

4  consultants~~, and Professional Vendors~~ to whom disclosure is reasonably necessary for this

5  ~~litigation~~Action and who have signed the "Acknowledgment and Agreement to Be Bound"

6  ~~(~~attached hereto as **Exhibit A**~~)~~;

7    ~~(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary~~

8  ~~and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise**~~

9  ~~**agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or~~

10 ~~exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and~~

11 ~~may not be disclosed to anyone except as permitted under this Stipulated Protective Order.~~

12   ~~(g) the author or recipient of a document containing the information or a custodian or other~~

13 ~~person who otherwise possessed or knew the information.~~

14    (i)    **[DISPUTED]** Mock jurors to whom disclosure is reasonably necessary

15 for this Action and who have signed the "Acknowledgment and Agreement to Be Bound"

16 attached hereto as **Exhibit A**, except that:

17    **[DEFENDANT'S PROPOSAL:** Plaintiffs' (1) names, (2) addresses, (3)

18 photographs, and/or (4) any other information that alone or in combination could reveal

19 the identity of any Plaintiff as such should be redacted or otherwise altered to ensure

20 Plaintiffs' anonymity is preserved.]

21    **[PLAINTIFFS' PROPOSAL:** Known Tea users' (1) names, (2) addresses, (3)

22 photographs, and/or (4) any other information that alone or in combination could reveal

23 the identity of any Tea user as such should be redacted or otherwise altered to ensure

24 Tea users' anonymity is preserved.]

25    (j)    During their deposition, any deponent may be shown or examined on

26 any information, document or thing designated "CONFIDENTIAL" if it appears that the

27 witness authored or received a copy of it, was involved in the subject matter described therein,

13

United States District Court
Northern District of California

United States District Court
Northern District of California

1  or was employed by the Producing Party at the time the information, document or thing was

2  created, or if the Producing Party consents to such disclosure, provided that any deponent who

3  is no longer employed by the Producing Party shall be first required to sign the

4  "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**;

5          (k)    Any other person as to whom the Designating Party has consented to

6  disclosure in advance;

7          (l)    Such other persons as the Parties may agree or may be ordered by the

8  Court;

9          (m)    Any mediator or settlement officer, and their supporting personnel,

10 mutually agreed upon by any of the Parties engaged in settlement discussions;

11         (n)    A Party's insurer and its staff who have responsibility for the insurer's

12 obligations in connection with the Action. All such staff shall be subject to the provisions of

13 this Order; and

14     8.3.    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"

15 [*Optional*: and "HIGHLY CONFIDENTIAL — SOURCE CODE"]" Information or Items. Unless

16 otherwise ordered by the ~~court~~Court or permitted in writing by the Designating Party, a

17 Receiving Party may disclose any information or item designated "HIGHLY

18 CONFIDENTIAL — ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL —

19 SOURCE CODE"] only to:" only to Persons designated in Paragraphs 8.2(a) and 8.2 (d)-(m) who

20 have signed the "Acknowledgment and Agreement to be Bound" attached hereto as **Exhibit A**

21 as outlined in Section 8.2, except that third-party docketing services (e.g., DocketBird,

22 LexisNexis Courtlink) who receive electronic court filings need not sign Exhibit A.

23     (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said

24 Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

25 litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached

26 hereto as Exhibit A;

27     [(b) *Optional as deemed appropriate in case-specific circumstances:* Designated House Counsel

28

of the Receiving Party³(1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed];⁴

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants,⁵and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] Information or Items to Designated House Counsel⁶or Experts.⁷

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a

---

³ It may be appropriate under certain circumstances to limit the number of Designated House Counsel who may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this provision.

⁴ This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE." It may also be appropriate under certain circumstances to limit how Designated House Counsel may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. For example, Designated House Counsel may be limited to viewing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only if it is filed with the court under seal, or in the presence of Outside Counsel of Record at their offices.

⁵ *Alternative:* The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may wish to draft a simplified, precisely tailored Undertaking for mock jurors to sign.

⁶ *Alternative:* The parties may exchange names of a certain number of Designated House Counsel instead of following this procedure.

⁷ *Alternative:* "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one.

15

United States District Court
Northern District of California

1  Party that seeks to disclose to Designated House Counsel any information or item that has been

2  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b)

3  first must make a written request to the Designating Party that (1) sets forth the full name of the

4  Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated

5  House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in

6  sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive

7  decision-making.[8]

8      (a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a

9  Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been

10 designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY

11 CONFIDENTIAL – SOURCE CODE"] pursuant to paragraph 7.3(c) first must make a written request to

12 the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL –

13 ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]

14 information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full

15 name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the

16 Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or

17 entity from whom the Expert has received compensation or funding for work in his or her areas of

18 expertise or to whom the expert has provided professional services, including in connection with a

19 litigation, at any time during the preceding five years,[9] and (6) identifies (by name and number of the case,

20 filing date, and location of court) any litigation in connection with which the Expert has offered expert

21 testimony, including through a declaration, report, or testimony at a deposition or trial, during the

22 preceding five years.[10]

23  [8] It may be appropriate in certain circumstances to require any Designated House Counsel who
    receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to
24  disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the
    Designating Party to evaluate any later-arising competitive decision-making responsibilities.

25  [9] If the Expert believes any of this information is subject to a confidentiality obligation to a
    third-party, then the Expert should provide whatever information the Expert believes can be disclosed without
26  violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet
    and confer with the Designating Party regarding any such engagement.

27  [10] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain
28  limited work prior to the termination of the litigation that could foreseeably result in an improper use of the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    (b) A Party that makes a request and provides the information specified in the preceding

2    respective paragraphs may disclose the subject Protected Material to the identified Designated House

3    Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection

4    from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

5    (c) A Party that receives a timely written objection must meet and confer with the Designating

6    Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days

7    of the written objection. If no agreement is reached, the Party seeking to make the disclosure to

8    Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in

9    compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any

10    such motion must describe the circumstances with specificity, set forth in detail the reasons why the

11    disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm

12    that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.

13    In addition, any such motion must be accompanied by a competent declaration describing the parties'

14    efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

15    discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the

16    disclosure.

17    In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert

18    shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

19    safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its

20    Designated House Counsel or Expert.

21    8. PROSECUTION BAR [*OPTIONAL*]

22    Absent written consent from the Producing Party, any individual who receives access to

23    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY

24    CONFIDENTIAL – SOURCE CODE"] information shall not be involved in the prosecution of patents or

25    patent applications relating to [insert subject matter of the invention and of highly confidential technical

26    

27    limited work prior to the termination of the litigation that could foreseeably result in an improper use of the
Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

28    

17

United States District Court
Northern District of California

information to be produced], including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").[11] For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[12] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information is first received by the affected individual and shall end two (2) years after final termination of this action.[13]

9. SOURCE CODE [*OPTIONAL*]

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

8.4. (b) Disclosure of Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information [*Optional*: including the Prosecution Bar set forth in Paragraph 8], and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in

[11] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to implement an "Ethical Wall."

[12] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

[13] *Alternative:* It may be appropriate for the Prosecution Bar to apply only to individuals who receive access to another party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" technical or source code information pursuant to this Order, such as under circumstances where one or more parties is not expected to produce "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that is technical in nature or "HIGHLY CONFIDENTIAL – SOURCE CODE" information,

United States District Court
Northern District of California

1  ~~Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.[14]~~for Third-Party

2  Discovery. If third-party discovery requires the disclosure of Plaintiffs' PII or PHI to facilitate

3  that discovery, the parties will meet-and-confer to discuss how to obtain this discovery without

4  identifying a Plaintiff as a plaintiff in this case, and while maintaining the confidentiality of

5  Protected Materials possible. The Parties recognize that this may require Plaintiffs to request

6  documents from a third party and produce them to Defendant, and Plaintiffs agree, subject to

7  any objection they may have to the discovery itself, to facilitate this process.

8  ~~(c)     Any source code produced in discovery shall be made available for inspection, in a~~

9  ~~format allowing it to be reasonably reviewed and searched, during normal business hours or at other~~

10 ~~mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon~~

11 ~~location.[15]The source code shall be made available for inspection on a secured computer in a secured~~

12 ~~room without Internet access or network access to other computers, and the Receiving Party shall not~~

13 ~~copy, remove, or otherwise transfer any portion of the source code onto any recordable media or~~

14 ~~recordable device. The Producing Party may visually monitor the activities of the Receiving Party's~~

15 ~~representatives during any source code review, but only to ensure that there is no unauthorized recording,~~

16 ~~copying, or transmission of the source code.[16]~~

17 ~~(d)     The Receiving Party may request paper copies of limited portions of source code that are~~

18 ~~reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for~~

19 ~~deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other~~

20 ~~than electronically as set forth in paragraph (e) in the first instance. The Producing Party shall provide all~~

22 ~~[14] It may be appropriate under certain circumstances to allow House Counsel access to derivative~~
~~materials including "HIGHLY CONFIDENTIAL – SOURCE CODE" information, such as exhibits to motions or~~
23 ~~expert reports;~~

24 ~~[15] Alternative: Any source code produced in discovery shall be made available for inspection in a~~
~~format through which it could be reasonably reviewed and searched during normal business hours or other mutually~~
25 ~~agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the~~
~~source code may be disclosed. This alternative may be appropriate if the Producing Party and/or its counsel are~~
26 ~~located in a different jurisdiction than counsel and/or experts for the Receiving Party.~~

27 ~~[16] It may be appropriate under certain circumstances to require the Receiving Party to keep a~~
~~paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and~~
28 ~~the names of any individuals to whom paper copies of portions of source code are provided.~~

19

1   such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL –

2   SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy

3   form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the

4   Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for

5   purposes of dispute resolution.

6          (e)     The Receiving Party shall maintain a record of any individual who has inspected any

7   portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies

8   of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create

9   any electronic or other images of the paper copies and shall not convert any of the information contained

10  in the paper copies into any electronic format. The Receiving Party shall only make additional paper

11  copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers

12  (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for

13  the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing

14  Party at the end of each day and must not be given to or left with a court reporter or any other

15  unauthorized individual.[17]

16  **9.**   10. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

17        **OTHER LITIGATION**

18        9.1.    If a Receiving Party is served with a subpoena or a court order issued in other

19  litigation that compels would compel disclosure of any information or items designated in this

20  action Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

21  ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] that" the Receiving

22  Party must:

23              (a)     (a) promptly Promptly notify in writing the Designating Party (by email,

24  if possible). Such notification shall must include a copy of the subpoena or court order;

25  _____

26        [17] The nature of the source code at issue in a particular case may warrant additional protections or
     restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to
27  provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE"
     information in a court filing, pleading, or expert report.

28

United States District Court
Northern District of California

(b)    (b) promptlyPromptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    (c) cooperateCooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[18]

9.2.    If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this actionAction as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL — SOURCE CODE"]" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protectionproduction in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this actionAction to disobey a lawful directive from another court.

11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL — SOURCE CODE"]. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement

---

[18] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

21

1   with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

2          1.      promptly notify in writing the Requesting Party and the Non-Party that some or

3   all of the information requested is subject to a confidentiality agreement with a Non-Party;

4          2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in

5   this litigation, the relevant discovery request(s), and a reasonably specific description of the information

6   requested; and

7          3.      make the information requested available for inspection by the Non-Party.

8   (c)     If the Non-Party fails to object or seek a protective order from this court within 14

9   days of receiving the notice and accompanying information, the Receiving Party may produce

10  the Non-Party's confidential information responsive to the discovery request. If the Non-Party

11  timely seeks a protective order, the Receiving Party shall not produce any information in its

12  possession or control that is subject to the confidentiality agreement with the Non-Party before a

13  determination by the court.[19] Absent a court order to the contrary, the Non-Party shall bear the

14  burden and expense of seeking protection in this court of its Protected Material.

15  **10.**    12. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

16          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

17  Material to any person or in any circumstance not authorized under this ~~Stipulated Protective~~

18  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

19  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

20  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

21  made of all the terms of this Order, and (d) request such person or persons to execute the

22  "~~Acknowledgment~~Acknowledgement and Agreement to Be Bound" that is attached hereto as

23  **Exhibit A**.

24  **11.**    13. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

25          **PROTECTED MATERIAL**

26

27          [19] The purpose of this provision is to alert the interested parties to the existence of confidentiality

28  rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

22

United States District Court
Northern District of California

11.1.    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection ("Privileged Material"), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).[20] This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. ~~Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.~~

This Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d) as to inadvertent disclosures. In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, any such inadvertent production or disclosure of Privileged Material shall not be deemed to waive—in this litigation or in any other federal or state proceeding—any applicable privilege or immunity (including, without limitation, the attorney-client privilege, the work product immunity and the joint defense or common interest privilege) that would otherwise attach to the disclosed materials or their subject matter.

11.2.    Except as described below for Used Documents, if, at any time prior to the trial of this Litigation, the disclosing party discovers that it produced Privileged Material, it shall, as soon as practicable after learning that such information was produced, notify the Receiving Party in writing of the disclosure and identify all such Privileged Material.

---

[20] ~~*Alternative*: The parties may agree that the recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006. This could include a restriction against "presenting" the document(s) to the court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations.~~

~~An alternate provision could state: "If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim."~~

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO.: 3:25-CV-06321-WHO

11.3.    Upon notice of a claim of disclosure, the Receiving Party shall, within seven (7) days, return, destroy, sequester, or delete all copies of the Privileged Material and provide a certification of counsel that all such information has been returned, destroyed, sequestered, or deleted. The Receiving Party shall not use, disclose, or disseminate such information in any way (including, but not limited to, using the information at depositions or trial), and must take reasonable steps to retrieve the Privileged Material if it was disseminated by the Receiving Party prior to such notification. The aforesaid shall not waive the receiving Party's ability to subsequently contest any assertion of privilege or protection with respect to the returned, destroyed, sequestered, or deleted Privileged Material

11.4.    If a Party identifies Discovery Material that appears on its face to be Privileged Material belonging to another Party or Non-Party, the identifying Party is under a good-faith obligation to notify that other Party or Non-Party. Such notification shall not waive the identifying Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified Discovery Material. Nothing in this Order limits or otherwise modifies an attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the disclosing Party that such Privileged Material has been produced.

**12.    14. MISCELLANEOUS**

12.1    14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the courtCourt in the future.

12.2    14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    [Optional: Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected

United States District Court
Northern District of California

1  Material, including the release of such technical data to foreign persons or nationals in the United States

2  or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data,

3  and the Receiving Party shall take measures necessary to ensure compliance.]

4      12.3    No Modification of Privileges. Nothing in this Order shall modify the law

5  regarding the attorney-client privilege, the attorney work product doctrine, the joint defense

6  privilege, and any other applicable privilege or reason for non-disclosure with respect to trade

7  secrets or other confidential research, development or commercial information to the extent

8  such privilege exists under applicable law.

9      12.4    14.4    Filing Protected Material. Without written permission from the

10  Designating Party or a court order secured after appropriate notice to all interested persons, a

11  Party may not file in the public record in this ~~action~~Action any Protected Material. A Party that

12  seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

13  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

14  specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only

15  upon a request establishing that the Protected Material at issue is privileged, protectable as a trade

16  secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

17  Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party

18  may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise

19  instructed by the court.

20  **13.**    ~~15.~~**FINAL DISPOSITION**

21      ~~Within~~Unless otherwise ordered or agreed in writing by the Producing Party, within 60

22  days after the final disposition of this ~~action~~Action, as defined in ~~paragraph 4~~Paragraph 5 above,

23  each Receiving Party must return all Protected Material to the Producing Party or destroy such

24  material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

25  compilations, summaries, and any other format reproducing or capturing any of the Protected

26  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

27  submit a written certification to the Producing Party (and, if not the same person or entity, to

28

1  the Designating Party) by the 60- day deadline that (1) identifies (by category, where

2  appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

3  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

4  format reproducing or capturing any of the Protected Material. Notwithstanding this provision,

5  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

6  and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

7  reports, attorney work product, and consultant and expert work product, even if such materials

8  contain Protected Material. Any such archival copies that contain or constitute Protected

9  Material remain subject to this Protective Order as set forth in ~~Section 4~~Paragraph 5

10 (DURATION), above.

11            **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

12 \\

13 \\

14 Dated: February 5, 2026                    Respectfully submitted,

15 ~~DATED: _____~~

                                             ~~Attorneys for Plaintiff~~

16                                           */s/ Melissa Clark*_____

17                                           Tina Wolfson (SBN 174806)

                                             *twolfson@ahdootwolfson.com*

18                                           Alyssa D. Brown (SBN 301313)

                                             *abrown@ahdootwolfson.com*

19                                           Sarper Unal (SBN 341739)

                                             *sunal@ahdootwolfson.com*

20                                           **AHDOOT & WOLFSON, PC**

                                             2600 W. Olive Avenue, Suite 500

21                                           Burbank, CA 91505

                                             Telephone: (310) 474-9111

22                                           Facsimile: (310) 474-8585

23

                                             Melissa Clark (*pro hac vice*)

24                                           *mclark@ahdootwolfson.com*

                                             **AHDOOT & WOLFSON, PC**

25                                           521 5th Avenue, 17th Floor

                                             New York, NY 10175

26                                           Telephone: (917) 336-0171

                                             Facsimile: (917) 336-0177

27

United States District Court
Northern District of California

28

1

2

DATED: _____

_____

*Interim Lead Counsel for Plaintiffs and the*
*Proposed Class*

3

4

*/s/ Kamran B. Ahmadian* _____
Bethany G. Lukitsch
*blukitsch@bakerlaw.com*
Kamran B. Ahmadian
*kahmadian@bakerlaw.com*
Alexis Cruz
*acruz@bakerlaw.com*
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 820-8800
Facsimile: (310) 820-8859

5

6

7

8

9

10

11

12

Attorneys*Counsel* for Defendant TEA DATING
ADVICE, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2
## CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION

3
Pursuant to Local Civil Rule 5-1(i)(3), I attest that the consent of this document is

4
acceptable to Melissa Clark, counsel for Plaintiffs, and that I have obtained Ms. Clark's

5
authorization to affix her electronic signature to this document.

6

7
Dated: February 5, 2026                By:    */s/ Kamran B. Ahmadian*
                                               Kamran B. Ahmadian

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3    **PURSUANT TO STIPULATION, AND FOR GOOD CAUSE SHOWN, IT IS SO**

4    **ORDERED.**

5

6    Dated:_____

7                                                    _____
                                                    HON. WILLIAM H. ORRICK
8                                                    UNITED STATES DISTRICT JUDGE
     ~~DATED:~~ _____ _____
9                                      ~~[Name of Judge]~~
                                      ~~United States District/Magistrate Judge~~
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

~~United States District Court
Northern District of California~~

**EXHIBIT A**

ACKNOWLEDGMENT ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date]_____, in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]*In Re: Tea Dating Advice Data Breach Litigation*, Case No. 53:25-cv-06321 (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this actionAction.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this actionAction or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

30

City and State where sworn and signed:

Printed ~~name:~~ Name:

~~[printed name]~~

Signature:

~~[signature]~~

United States District Court
Northern District of California